Matthias, J.
 

 The respondent, Auditor of State, relies upon the provisions of Section 243, General Code, as authority for his refusal to issue the warrant requested by the relator. This section provides as follows :
 

 “The Auditor of State shall examine each voucher presented to him, or claim for salary of an officer or' employee of the state, or per diem and transportation of the commands of the national guard, or sundry claim allowed and appropriated for by the General
 
 *182
 
 Assembly, and if he finds it to be a valid claim against the state and legally dne, and that there is money in the state treasury duly appropriated to pay it and that all requirements of law have been complied with, he shall issue thereon a warrant on the Treasurer of State for the amount found due, and file and preserve the invoice in his office. He shall draw no warrant on the Treasurer of State for any claim unless he finds it legal, and that there is money in the treasury which has been duly appropriated to pay it. ”
 

 The respondent contends that before he may issue the warrant demanded he must find that there is a valid claim against the state which is legally due, that there is money in the treasury duly appropriated to pay it, and that all requirements of law had been complied with. He asserts that the warrant in question constitutes an advance, payment for merchandise to be subsequently delivered, and therefore that there is no legal claim against the state which is due.
 

 The relator’s contention is based upon the provisions of the Liquor Control Act, being Section 6064-1
 
 et seq.,
 
 General Code, and particularly Section 6064-8, General Code, wherein authority is conferred upon the Department of Liquor Control to ‘ ‘ establish and maintain a state monopoly of the distribution of such liquor and the sale thereof in packages or containers; and for such purpose to manufacture, buy, import, possess, and sell spirituous liquors in the manner provided in the Liquor Control Act; * * * to borrow money to inaugurate and carry on its business * * * together with the further provision:
 

 “The Department of Liquor Control shall have power * * # to make and enter into leases and contracts of all descriptions within the scope of its functions as defined in the Liquor Control Act * *
 

 It is further provided by Section 6064-8, General Code, that “any and all obligations of the department
 
 *183
 
 created under authority of this paragraph shall be a charge only upon the moneys received by the department from the sale of spirituous liquor pursuant to the Liquor Control Act and its other business transactions in connection therewith, and shall not be general obligations of the state of Ohio.”
 

 It is to be observed that the obligations of the department created under this statute are not general obligations of the state but a charge only against moneys received from the sale of liquor. Under the provisions of Section 6064-10, General Code, these moneys are paid to the Treasurer of State as custodian thereof. That section further provides as follows:
 

 “The moneys in the custody of the Treasurer of State for the use of the Department of Liquor Control shall be known as the ‘liquor control rotary fund’ and shall be disbursed on the order of the Auditor of State, in form prescribed by him, on the Treasurer of State as custodian as aforesaid, pursuant to vouchers or invoices signed by the Director of the Department of Liquor Control, and approved by the Director of Finance as provided in Section 154-28 of the General Code, in such form as the Auditor of State shall prescribe.”
 

 The primary question presented to the court is whether the Department of Liquor Control, in the execution of the contract in question, acted within and pursuant to the authority conferred upon it by statute. It must be conceded that the Department of Liquor Control is precluded from the exercise of any acts beyond the scope of the authority conferred upon it by law, such as, for instance, the purchase of real estate, which is specifically inhibited by the provision wherein it is authorized “to lease or in any manner
 
 except by purchase,
 
 acquire the use of any land or building required for any of such purposes.” (Italics ours.)
 

 
 *184
 
 The Auditor of State may question the legality of a payment sought to be made for such inhibited purpose. The contract here in question, however, clearly comes within the specific authority conferred by the provisions of the Liquor Control Act hereinbefore referred to. The Department of Liquor Control is authorized to manufacture, buy, import, possess and sell spirituous liquors. The expressed purpose of the statute is, through the Department of Liquor Control, “to establish and maintain a state monopoly of the distribution of such liquor and the sale thereof in packages or containers.”
 

 The department is authorized to enter into contracts of all descriptions within the scope of its functions as defined by the Liquor Control Act. Language could scarcely be formulated to state more clearly a purpose to confer upon the Department of Liquor Control all the power and authority essential to establish, maintain and conduct the very extensive business entrusted to it. The Department of Liquor Control, having been placed in full charge of the liquor business in which the state decided to engage, was delegated the power and discretion essential to carry out that purpose. The method of payment for the liquor purchased is clearly within the scope of the authority conferred and is a matter within the discretion of the department, just as is the price to be paid. Purchases may be made on credit or payment made in advance. Those are questions to be determined by the department. The statute specifically authorizes the department to borrow money to pay for liquor purchased. Authority, full and complete, is conferred to administer all the affairs of the department. In this case, the department chose to pay in advance, evidently deeming such arrangement advantageous or possibly necessary to procure the merchandise essential to meet the demands of its
 
 *185
 
 customers. The authority so to do is olear and the legality of the contract is manifest.
 

 The question of the wisdom of the terms of such contract is not for the consideration of the Auditor of State. That is not his function, and that question is not. before this court for consideration or determination. The auditor may question the legality but not the wisdom of the terms and provisions of such contract.
 

 We deem it unnecessary to consider or discuss other questions presented by brief and in oral argument.
 

 Since the contract is in accord with the authority clearly conferred upon the Department of Liquor Control, warrants for payments in accordance with its terms should be issued. The demurrer to the- answer is therefore sustained and, the respondent not desiring to plead further, the writ is allowed.
 

 Writ allowed.
 

 Weygandt, C. J., .Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.