Taft, J.
 

 Since the department filed no bill of exceptions, the question before the Court of Appeals was and the question before this court is whether the Common Pleas Court was justified, on the allegations stated in plaintiff’s petition, in granting to the plaintiff the relief, by way of injunction and specific performance, prayed for by that petition. On this appeal, therefore, we must assume that all the material allegations set forth in the petition are true.
 

 Section 6064-11, General Code (116 Ohio Laws, pt. 2, 226), provided for the establishment of “state liquor stores or agencies” and provided, so far as material to a consideration of the contract here involved:
 

 “A person, firm or corporation engaged in a mercantile business may act as the department’s agent for the sale of spirituous liquor and the department shall fix his compensation in such manner as it may deem fit, providing, however, that in no event shall the compensation paid such agent exceed seven percent of the gross sales made by such agent in any one year * *
 

 Section 6064-8, General Code, provides in part that the department “shall have and exercise the” power “to establish and maintain a state monopoly of the distribution of such [spirituous] liquor and the sale thereof in packages or containers.”
 

 Thus, the General Assembly has imposed in the department the exclusive right to sell spirituous liquors in packages or containers. Section 6064-8, General Code.
 
 State, ex rel. Fisher, Dir.,
 
 v.
 
 Ferguson, Aud.,
 
 142 Ohio St., 179, 50 N. E. (2d), 992. it has, however, provided that certain persons, firms or cor
 
 *362
 
 porations "may act as the department’s agent for the sale of” such liquor and authorized the department to fix the compensation of such agents. Section 6064-11, General Code. Such an agent must necessarily act for the department in making a sale. In effect, the agent merely performs services in connection with sales which are actually made by the department. Since the General Assembly has given the department the exclusive right to sell such liquor, the agent can acquire no "interest” in that right to make such sales. It cannot, therefore, be said that such agent can have any. agency coupled with an interest.
 

 Where a principal and an agent enter into a contract, under which the agent, for a definite period of time, is required to and is given the right to perform services for the principal in the sale for the principal of certain kinds of property, which are owned by the principal and which the principal has an exclusive right to sell, and where the principal refuses to perform such contract before that period of time has expired, will a court of equity, either by enjoining the principal from breaching the contract or by ordering him to specifically perform the contract, require the principal|to accept the services of the agent?
 

 The authorities hold uniformly that no such injunction or specific performance will be granted.
 
 Port Clinton Rd. Co.
 
 v.
 
 Cleveland & Toledo Rd. Co.,
 
 13 Ohio St., 544, 550
 
 et seq.;
 
 annotation, "Specific
 
 performance
 
 of contract for services,” 135 A. L. R., 279. See, also,
 
 New York Central Rd. Co.
 
 v.
 
 City of Bucyrus,
 
 126 Ohio St., 558, 186 N. E., 450; 2 Corpus Juris Secundum, 1153, Section 73; 49 American Jurisprudence, 160, Section 137; 1 Mechem on Agency (2 Ed.), 403
 
 et seq.,
 
 Sections 566 and 567; 4 Pomeroy Equity Jurisprudence (5 Ed.), 1038, Section 1402; Restatement of the Law of Contracts, Section 379. Plaintiff has referred
 
 *363
 
 us to no authorities which authorize specific performance in such a case.
 

 In the’ instant case, plaintiff does not seek to enjoin the department from breaching any negative covenants. Cf.
 
 Port Clinton Rd. Co.
 
 v.
 
 Cleveland & Toledo Rd. Co., supra,
 
 at 550. Therefore, if the department is enjoined from breaching the contract, it is, in effect, ordered to specifically perform it. See
 
 Port Clinton Rd. Co.
 
 v.
 
 Cleveland & Toledo Rd. Co., supra,
 
 at 551.
 

 Various reasons have been advanced for refusing to grant specific performance of such contracts.
 

 For example, it has been said that, in view of the peculiar personal relations which result from a contract under which one party is to render services for another party, it would be inexpedient, from the standpoint of public policy, to attempt to enforce such contract specifically. Thus, if the relationship of principal and agent is to be of value or profit to either, it must be accompanied by mutual confidence, loyalty and satisfaction. When these are gone and their places are taken by dislike and distrust, it is to the advantage of both principal and agent and of the public that the relationship of principal and agent he severed. See 49 American Jurisprudence, 158.
 

 Another reason is that it would be inconvenient or even impossible for a court to conduct and supervise the operations incident to and requisite for execution of a decree for specific performance of such a contract. Thus, the court would be required to supervise and determine not only that the principal had fully performed but also to supervise and determine whether the performance rendered by the agent was the performance contracted for. See
 
 Port Clinton Rd. Co.
 
 v.
 
 Cleveland & Toledo Rd. Co., supra,
 
 at 556. In the instant case, the court would be interfering with the power of the department to control its agent in selling
 
 *364
 
 spirituous liquor in packages and containers, a power delegated exclusively to the department by the General Assembly. Paragraph 3, Section 6064-8, General Code. Cf.
 
 Port Clinton Rd. Co.
 
 v.
 
 Cleveland & Toledo Rd. Co., supra,
 
 at 557;
 
 New York Central Rd. Co.
 
 v.
 
 City of Bucyrus, supra,
 
 at page 567.
 

 It is not enough that the plaintiff offers to perform and expresses a willingness and intention to perform entirely in accordance with the provisions of the contract. 49 American Jurisprudence, 161. A court of equity should not expend its time, as a decree for specific performance might require it to do, in determining whether the agent, to whom it has granted specific performance, is from time to time continuing to furnish the services which he has agreed to give in consideration for the obligations of the principal under the contract. See
 
 Port Clinton Rd. Co.
 
 v.
 
 Cleveland & Toledo Rd. Co., supra,
 
 at 555, 556.
 

 The plaintiff has argued that the usual reason, given for denying to an agent the relief of specific performance for breach of a contract to give and receive services, is the presence of an adequate remedy at law; and that, in the instant case, plaintiff has no such remedy by reason of his inability to recover damages for breach of this contract. In so arguing, plaintiff contends that, by reason of the provisions of Section 6064-30, General Code, he has been deprived by the General Assembly of any right to recover damages at law for breach of this contract. It is not necessary for the court at this time to decide whether he has been deprived of any such right to damages. See paragraph 9, Section 6064-8, General Code. However, if the General Assembly has, as plaintiff contends, provided that the department cannot be held liable in damages at law for breach of such a contract, we believe it would be entirely inconsistent with the in
 
 *365
 
 tention thereby expressed by the General Assembly for a court of equity to impose upon the department the more extraordinary obligations of a decree for specific performance of such contract.
 

 The Common Pleas Court based its decision upon the reasoning that, while the department had the “power” to revoke the agency contract, it did not have the “right” to revoke such contract. It would seem obvious that, if a court will specifically require a defendant to perform such a contract, such defendant does not have any “power” to revoke it. The authorities which use these terms speak of the “right” to revoke as the ability to revoke without being liable in damages, and the “power” to revoke as the authority to revoke even though liability for damages may arise because of the revocation. 2 Corpus Juris Secundum, 1155, Section 74; 1 Mechem on Agency, 405, Section 568; 1 Ohio Jurisprudence, 640, Section 15.
 

 Our conclusion is that the Common Pleas Court erred in its decree, providing for specific performance of the contract involved in the instant case. It follows that.the judgment of the Court of Appeals must be reversed and final judgment rendered for the department.
 

 Judgment reversed.
 

 Zimmerman, Stewart and F aught, JJ., concur.
 

 Weygandt, C. J., Matthias and Hart, JJ., dissent.