O’Neill, J.
The initial question presented to the court by the record in this case is whether relators are entitled, as a matter of right, to an injunction as prayed for in the petition.
The General Assembly has provided, by statute, for compulsory school attendance of the school-age children of this state (Sections 3321.02, 3321.04 and 3321.07, Revised Code) and has further provided for penalties to be assessed against the parents or others in charge of children for violation of the compulsory school laws (Sections 3321.38, 3321.99 and 4109.99, Revised Code).
It is undisputed in the record that the respondent parents have refused, in violation of the above sections, to send their children between the ages of 16 and 18 to any school, and that *252 they intend to continue to follow this course of conduct. According to the record, Joni Hershberger, Hardin County superintendent of Amish schools, when asked, “What are you going to do with those children from 16 to 18 that can’t get working certificates? What are you going to do with them in your schools?,” testified, “Keep them out of school.”
Relators assert that the statutes which make it a crime to fail to send children of compulsory school age to a public school or to a private school which meets the legal minimal standards established by the State Board of Education do not give an adequate remedy at law because prosecution under these statutes results in a multiplicity of suits which bog down the administration of justice and the functioning of the courts, and that the penalties provided upon conviction under the statutes are not severe enough to cause compliance with the statutes.
A court of equity is in no sense a court of criminal jurisdiction. Injunction is not the proper remedy to compel obedience to the criminal or penal laws of the state. Renner Brewing Co. v. Rolland, 96 Ohio St., 432, 118 N. E., 118. See, also, 28 American Jurisprudence, 655, Section 157; 29 Ohio Jurisprudence (2d), 302, Section 104.
It is well settled in Ohio, in accord with the general rule elsewhere, that a court of equity will not interfere by injunction to restrain or prevent the commission of criminal acts or the violation of the penal laws of the state merely upon the ground that the threatened acts are illegal. State, ex rel. Reynolds, v. Capital City Dairy Co., 62 Ohio St., 123, 56 N. E., 651; State, ex rel. Crabbe, Atty. Genl., v. Thistle Down Jockey Club, Inc., 114 Ohio St., 582, 151 N. E., 709; State, ex rel. Sheets, Atty. Genl., v. Hobart, 8 N. P., 246, 11 O. D., 166. To grant relators’ request might result in the imposition upon respondents of penalties much more severe than those provided by statute for this crime.
In 43 Corpus Juris Secundum, 760, Section 150, the general rule is set forth as follows:
“Except where there is express statutory authority therefor, equity has no criminal jurisdiction, and acts or omissions will not be enjoined merely on the ground that they .constitute a violation of law and are punishable as crimes. # * * The *253 possibility that many persons -will violate the law and that many suits will be required to enforce it * * * does not warrant relief by injunction.”
The record in this case does not sustain the contention of the relators that there is a criminal conspiracy to subvert the morals of these children.
The rule of law with regard to the enjoining of a criminal conspiracy is stated in 43 Corpus Juris Secundum, 765, Section 153, as follows:
“A criminal conspiracy or combination which threatens the property of complainant with irreparable injury may be enjoined, where complainant has no other available remedy.”
There is no evidence in this record that a criminal conspiracy threatens irreparable injury to the property of the relators.
The record in this case does not sustain the relators’ contention that they are entitled to an injunction on the ground that the private schools operated by respondents constitute a public nuisance.
The general jurisdiction of a court of equity to restrain nuisances has generally been limited to cases of interference with property rights or of nuisances dangerous to public health, morals, safety or welfare, and injunctions have issued to protect the public from irreparable injury. State, ex rel. Sheets, Atty. Genl., v. Hobart, supra.
The respondents have a legal right to operate nontax supported private schools paid for by them. They have a legal right, protected by the Constitution, to worship God according to the dictates of their own conscience and to teach in their church and in their schools the tenets of their faith.
An examination of the record fails to disclose that the operation of these private schools causes irreparable injury to the property of any other person, obstructs the reasonable use or enjoyment of property by any other person, or causes physical discomfort to any other person.
A further examination of the record fails to disclose evidence which would warrant a conclusion that the operation of these schools injuriously affects the health, morals or safety of the public or works .any injury to the public sufficient to require *254 the issuance of an injunction on the ground that the schools constitute a public nuisance. State, ex rel. Sheets, Atty. Genl., v. Hobart, supra.
The rule in Ohio, as well as the general rule, is stated in 43 Corpus Juris Secundum, 764, Section 152, as follows:
“Injunction will issue to protect public rights, property, or welfare notwithstanding the acts enjoined may also constitute crimes.
“Where an injunction is necessary for the protection of public rights, property or welfare, the criminality of the acts complained of does not bar the remedy by injunction, and the court will consider the criminality of the act only to determine whether, under the particular circumstances, equitable intervention is necessary. Such an injunction ought not to be granted, however, except for the prevention of serious and irreparable injury, and cannot be demanded as a matter of right, but rests in the sound discretion of the court.”
See annotation, 40 A. L. R., 1145 (jurisdiction, at the instance of governmental agency, to enjoin an act amounting to a crime); 19 American Jurisprudence, 136, Section 141; 29 Ohio Jurisprudence (2d), 305, Section 106; State, ex rel. Sheets, Atty. Genl., v. Hobart, supra; Renner Brewing Co. v. Rolland, supra.
To come within this exception to the general rule and to justify the court in exercising its discretion to issue an injunction in this case, the relators must sustain the proposition that the public welfare requires this injunction to be granted, or that the rights of these children are being denied by their parents to such a degree that the protection of the children’s rights requires the issuance of this injunction since there is no irreparable damage to property or impairment of its enjoyment or use, no physical discomfort to relators caused by respondents, and no actionable injury to the health, morals or safety of any person.
Based upon these grounds an injunction is not a matter of right but rests in the discretion of the court.
Although relators assert it, the record fails to sustain the proposition that the public welfare is injured by the conduct of these respondents. What evidence there is in the record *255 on this proposition tends to show that respondents are good farmers who desire to continue to lead a rural agrarian life, free from many of the trappings of modern materialistic society, and that their convictions are based upon the tenets of their faith. They are simple harmless people. There is no evidence that the operation of these two schools by the respondents according to the tenets of their faith and their convictions has led to the commission of crime or to juvenile delinquency by their children or has been in any way injurious to society or to the private citizens with whom the respondents or their children have come in contact.
Belators assert that the right of education is being denied to these children by their respondent parents.
Belators do not assert, but perhaps have implied, that this injunction should be granted on the ground that our society is entitled to have all children educated to their highest potential, and that the challenges, which we, as a nation, are being compelled to meet now and will be compelled to meet in the future, demand that the nation have available the full potential of the mental resources of our people.
These are sound principles but not sufficient in law, in the absence of specific statutory authority granted by the Legislature, to require the granting of the equitable remedy of injunction prayed for in this action.
The problem which the members of the Old Order of Amish present to school authorities is not new in Ohio and has been before the General Assembly on numerous occasions. The General Assembly has clothed the State Board of Education with authority to withhold state funds under the foundation program from public schools and to revoke the charters of high schools which fail to meet the statutory requirements and the minimal standards established by statute and the regulations of the State Board of Education. Chapter 3317, Bevised Code, and also Sections 3301.07 and 3301.16, Bevised Code. The General Assembly has established no other statutory law by which the State Board of Education can take action against private schools for failure to meet standards established by the regulations of the State Board of Education, except the compulsory attendance statutes referred to above.
*256 Should the court grant the injunction prayed for in this case, the court would be establishing itself as a super school board, with power to legislate, investigate, prosecute and act as trial court and jury relative to compliance with the statutes and the regulations of the State Board of Education with regard to school attendance, not for the public schools of this state, but for private schools. See Hoffman Candy & Ice Cream Co. v. Dept. of Liquor Control, 154 Ohio St., 357, at page 363, 96 N. E. (2d), 203.
In the absence of express authority and direction by statutory enactment of the General Assembly, we are of the opinion that the Court of Appeals did not abuse its discretion in refusing to grant the relief by way of injunction which is sought by relators in this case.
The judgment of the Court of Appeals is hereby affirmed.

Judgment affirmed.

Zimmerman, Tart, Matthias and Bell, JJ., concur.
Herbert, J., not participating.