[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 467.]

BCL ENTERPRISES, INC., APPELLEE, *v*. OHIO DEPARTMENT OF LIQUOR CONTROL, APPELLANT.

[Cite as *BCL Enterprises, Inc. v. Ohio Dept. of Liquor Control*, 1997-Ohio-254.]

*Civil procedure—Court of Common Pleas of Franklin County is vested with subject-matter jurisdiction over claims asserted in a complaint concerning Department of Liquor Control's action on an application for a state agency store in Butler County.*

(No. 95-2189—Submitted October 16, 1996—Decided February 19, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 95APE02-224.

———————————

{¶ 1} BCL Enterprises, Inc. ("BCL"), appellee, initiated this action by filing a complaint in the Franklin County Court of Common Pleas seeking a declaratory judgment and injunctive relief. Named as defendants were Steve O'Bryan, d.b.a. O'Bryan's Deli ("O'Bryan"), and the Ohio Department of Liquor Control ("department").

{¶ 2} In its first cause of action, BCL alleged that the department "advertised for agency applications for a state agency store" in Butler County, Ohio, *i.e*., Location No. 514; that the applications were to be submitted to the department no later than November 5, 1993; that on November 3, 1993 the president of BCL filed an application with the department; and that no other applications were filed by the November 5 deadline. BCL further alleged that the department's application called for the liquor-store business to commence operations on or before December 15, 1993 or such other date as established by the department; that BCL informed the department that its business could not begin operating by December 5, 1993, but that BCL would attempt to commence operations in February 1994; and that the department agreed that BCL need not begin operations on December 15, 1993.

**{¶ 3}** The complaint further alleged that BCL began working toward opening the business, and informed the department in May 1994 that it was ready to commence operations as a liquor, beer and wine store, but that the department then informed it that too much time had elapsed, and that the department intended to seek new applications for the location. BCL characterized the cancellation of its application as arbitrary, capricious, and not in accordance with law.

**{¶ 4}** In its second cause of action, BCL alleged that the department solicited a second time for applications for Location No. 514, and that, in this second round of advertising, the department stated an anticipated date of September 12, 1994 for commencement of operations at Location No. 514. BCL asserted that, in spite of BCL having timely filed a second application, the department nevertheless executed a written agency agreement with O'Bryan rather than BCL, even though O'Bryan did not intend to commence operations until November 2, 1994, and even though "BCL was ready, willing, and able to commence operations in accordance with [its] application." BCL characterized these department actions as arbitrary, capricious, and unreasonable, and claimed that it would suffer irreparable harm if the department and O'Bryan were not enjoined from executing and performing an agency contract for Location No. 514.

**{¶ 5}** As for relief, BCL sought (1) a declaration of "the rights of all parties pursuant to the application and the agency contract for Location #514"; (2) a temporary restraining order, preliminary injunction, and permanent injunction prohibiting the department from executing a contract for the location with any entity other than the plaintiff; and (3) a mandatory injunction requiring the department to evaluate the plaintiff's original application and award the contract to BCL if that application met department requirements.

**{¶ 6}** Each defendant separately filed a Civ. R. 12(B) motion to dismiss. Both defendants asserted that dismissal was warranted in that, *inter alia*, the trial court lacked subject-matter jurisdiction over BCL's claims.

**{¶ 7}** The trial court dismissed the complaint, finding that "R.C. 4301.10(B)(1) *** deprives this court of jurisdiction." The court of appeals reversed and remanded the cause for further proceedings, holding that the Court of Common Pleas of Franklin County has subject-matter jurisdiction over the matters raised in the complaint.

**{¶ 8}** The cause is now before this court upon the allowance of a discretionary appeal.

*Berry, Shoemaker & Clark* and *Kevin L. Shoemaker*, for appellee.

*Betty D. Montgomery,* Attorney General*,* and *James M. Guthrie,* Assistant Attorney General for appellant.

_____

**MOYER, C.J.**

**{¶ 9}** The sole question we must answer in this appeal is whether the Court of Common Pleas of Franklin County is vested with subject-matter jurisdiction over the claims asserted by BCL.

**{¶ 10}** "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits ***." *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus. Section 4(B), Article IV of the Ohio Constitution, states that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters *** as may be provided by law." It is well settled that "'[t]he court of common pleas is a court of general jurisdiction. It embraces all matters at law and in equity that are not denied to it.'" *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 34, 22 OBR 27, 28, 488 N.E.2d 210, 212 (quoting *Saxton v. Seiberling* [1891], 48 Ohio St. 554, 558-559, 29 N.E. 179, 180; *Dumas v. Estate of Dumas* [1994], 68 Ohio St.3d 405, 408, 627 N.E.2d 978, 980).

**{¶ 11}** Pursuant to the Declaratory Judgment Act, courts of common pleas may "declare rights, status, and other legal relations whether or not further relief is or

could be claimed," R. C. 2721.02. *Am. Life & Acc. Ins. Co. of Kentucky v. Jones* (1949), 152 Ohio St. 287, 40 O.O. 326, 89 N.E.2d 301; *Herrick v. Kosydar* (1975), 44 Ohio St.2d 128, 130, 73 O.O.2d 442, 443, 339 N.E.2d 626, 628. See, also, *Jones v. Chagrin Falls* (1997), _____ Ohio St.3d _____, _____ N.E.2d _____, decided today. Pursuant to R.C. 2727.02 *et seq.*, courts of common pleas have jurisdiction to grant injunctive relief.

{¶ 12} The appellant contends, however, that R.C. 4301.10(B)(1) and 4301.31 operate to divest the Court of Common Pleas of Franklin County of subject-matter jurisdiction over BCL's complaint. The first of those statutes, R.C. 4301.10(B)(1), at the time this action was initiated provided: "*The department* [of liquor control] may *** [s]ue, but *may be sued only in connection with* the execution of leases of real estate and such purchases and contracts necessary for the operation of the state liquor stores that are made under this chapter and Chapter 4303. of the Revised Code ***." (Emphasis added.) The second statute, R.C. 4301.31, provided at the time the action was initiated: "Except as provided in section 4301.28[1] of the Revised Code, *no court, other than the court of common pleas of Franklin county, has jurisdiction* of any action against the *** department of liquor control, *to restrain the exercise of any power or to compel the performance of any duty* under Chapters 4301. and 4303. of the Revised Code." (Emphasis and footnote added.)

{¶ 13} The court of appeals held that, despite these statutory provisions, the Court of Common Pleas of Franklin County is vested with jurisdiction to entertain actions against the department seeking declaratory or injunctive relief even where the case does not involve real estate leases or contracts and purchases necessary for the operation of state liquor stores. While expressing no opinion as to whether such relief should be granted, we affirm the holding of the court of appeals that the Franklin

---

1. R.C. 4301.28 authorizes administrative appeals of department actions to the Liquor Control Commission. The statute further provides for judicial review of Liquor Control Commission decisions pursuant to the provisions of R.C. Chapter 119.

County Court of Common Pleas does have subject-matter jurisdiction to consider BCL's entitlement to such relief.

{¶ 14} We reject the contention that R.C. 4301.31 *establishes* subject-matter jurisdiction in the Court of Common Pleas of Franklin County to restrain or compel departmental action. In providing that "no court, *other than* the court of common pleas of Franklin County has jurisdiction" to restrain or compel the department's conduct, R.C. 4301.31 operates not to *confer* jurisdiction on the Franklin [C]ounty Court of Common Pleas, but rather to *abrogate* subject-matter jurisdiction of all other courts of the state.

{¶ 15} Historically, declaratory judgment actions were permitted against state agencies, and courts have been deemed to possess jurisdiction to issue injunctive relief. See, *e.g.*, *Racing Guild of Ohio, Local 304 v. State Racing Comm.* (1986), 28 Ohio St.3d 317, 320, 28 OBR 386, 388, 503 N.E.2d 1025, 1028, citing *Am. Life & Acc. Ins. Co.* See, also, *Hoffman Candy & Ice Cream Co. v. Dept. of Liquor Control* (1950), 154 Ohio St. 357, 43 O.O. 250, 96 N.E.2d 203 (approving assertion of trial court's jurisdiction over the merits, but nevertheless finding the issuance of specific-performance relief affecting the Department of Liquor Control improper). Accordingly, underlying R.C. 4301.31 is an unstated assumption that jurisdiction to enter injunctive relief would exist in any common pleas court throughout the state but for the express language of the statute limiting jurisdiction to the Court of Common Pleas of Franklin County.

{¶ 16} Nor does R.C. 4301.10(B)(1), which provides that the department "may be sued only in connection with" certain types of contractual agreements, affect the fundamental power, *i.e.*, jurisdiction, of a court of common pleas to hear the merits of a dispute in which the department of liquor control is named a defendant. In general, when the General Assembly has intended to abrogate the subject-matter jurisdiction of Ohio courts in particular types of actions it has done so expressly. See, *e.g.*, R.C. 3745.04 ("The environmental board of review has *exclusive original*

*jurisdiction* over any matter which may, under [R.C. 3745.04], be brought before it." [Emphasis added.]); R.C. 2743.02(F) ("A civil action against an officer or employee *** shall first be filed against the state in the court of claims, which has *exclusive, original jurisdiction* to determine, initially, whether the officer or employee is entitled to personal immunity *** and whether the courts of common pleas have jurisdiction over the civil action." [Emphasis added.]) In contrast, R.C. 4301.10(B)(1) includes no reference to "jurisdiction" of either courts or other adjudicatory or administrative bodies.

{¶ 17} Rather we interpret R.C. 4301.10(B)(1) as creating a defense in the nature of a statutorily created immunity against suit which may be pled by the department as an affirmative defense. As such, R.C. 4301.10(B)(1) does not create a *jurisdictional* defense to a declaratory judgment action. See *State ex rel. Koren v. Grogan* (1994), 68 Ohio St.3d 590, 594, 629 N.E.2d 446, 450 ("In general, immunity is an affirmative defense, which must be raised and proven, *i.e.*, it usually does not affect the jurisdiction of the court." [Citations omitted.]). See, also, 1 Baldwin's Ohio Civil Practice (1988), Text 13.03, at 35 (providing the following as examples of affirmative defenses: "*** failure to exhaust available administrative remedies; *sovereign immunity*; self-defense; *official immunity*; parental immunity; policeman/fireman immunity; interspousal immunity; allowance of workers' compensation; *immune from suit*; charitable immunity; judicial immunity ***." [Emphasis added.]).

{¶ 18} We acknowledge that, where the General Assembly has established a complete and comprehensive statutory scheme both creating new rights and prescribing a means to enforce them, review of administrative actions as to those rights may be deemed to be exclusively within the jurisdiction of a statutorily created administrative, rather than judicial, body. *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St. 3d 147, 153, 573 N.E.2d 655, 659 (Public Utilities Commission); *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police,*

6

*Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87 (State Employment Relations Board). However, application of that doctrine to the case at bar would be inconsistent with the statutory acknowledgment in R.C. 4301.31 of jurisdiction in the Franklin County Court of Common Pleas to "restrain [the department from exercising] any power or to compel the performance of any duty under Chapters 4301. and 4303. of the Revised Code."

{¶ 19} On remand we instruct the trial court to determine whether, under the facts of this case, BCL's claims justify the discretionary exercise of its authority to grant declaratory or injunctive relief. In making that determination it is appropriate for the court to consider the department's timely asserted alleged affirmative defense that BCL failed to invoke an administrative remedy available to it. See *Jones*. Further, the court in exercising its jurisdiction may consider the effect of R.C. 4301.10(B)(1) to determine whether that statute provides an immunity defense sufficient to justify dismissal of BCL's claims for failure to state a legally cognizable claim.

{¶ 20} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————