JOURNAL ENTRY and OPINION
Defendant-appellant Ronnie Hambrick, a.k.a. Wallace Hambrick, appeals from his conviction after a jury trial of robbery.
Appellant challenges his conviction on several grounds. He asserts the trial court erred in two instances: 1) admitting evidence concerning the victim's psychological condition; and 2) instructing the jury. Appellant contends the trial court should not have given an instruction on either robbery, a lesser-included offense of the crime of which he originally was charged, or his flight after commission of the crime. Appellant further asserts his conviction resulted from prosecutorial misconduct. Finally, appellant contends his conviction is not based upon the weight of the evidence.
This court has reviewed the record and cannot find support for any of appellant's challenges to his conviction; therefore, appellant's conviction is affirmed.
Appellant's conviction results from an incident that occurred on the night of August 20, 1999. The testimony of the state's witnesses provides the following sequence of events: At approximately 11:00 p.m., the victim, fifty-year-old Rosalind Taylor, left her Cleveland home to drive to a nearby Chinese restaurant located between East 117th and East 118th Streets on Buckeye Road. As Taylor parked her vehicle near the entrance of the restaurant, she noticed a small group of teenage boys across the street on the sidewalk at the corner of East 118th Street and Buckeye Road. Taylor obtained her purse and her cellular telephone, exited and locked her vehicle, and proceeded indoors.
When the food Taylor had ordered had been bagged and purchased, she placed her purse strap over her left arm before taking the bag's plastic handles in her left hand. She then left the restaurant carrying her vehicle's keys and remote control in her right hand.
Taylor noticed upon her exit that the group of youths still was gathered at the corner. She also noticed a man, later identified as appellant, walking past the group on that side of the street. As she observed him, appellant looked at her and crossed the street in her direction.
Taylor used her remote control to unlock the doors of her vehicle as she approached it. She was reaching for the door handle when suddenly appellant rushed[1] at her. Appellant punched [her] in [her] shoulder * * * and he grabbed [her] purse * * * and he started cursing at [her]. The blow forced Taylor briefly onto the hood of her vehicle. The commotion alerted the group of boys. Appellant at that point ordered Taylor in a threatening tone to release her purse. He began to tug at it. One of the youths called out to appellant to ask what he was doing; one or more of the boys then began screaming * * * `He's trying to steal her purse.'
Appellant yanked at Taylor's purse one last desperate time. The effort loosened Taylor's grip on the plastic bag of food, which fell and burst open. Appellant saw several of the teenage boys approaching, so he abandoned his effort and fled around the corner onto East 117th Street. As the youths proceeded to chase appellant, Taylor used her cellular telephone to notify the police of the incident.
Within minutes, the group of boys returned with appellant between them. Appellant appeared somewhat disheveled and had sustained a laceration near his right eye. The youths compelled appellant to sit on the sidewalk near the restaurant while they awaited the arrival of the police. As appellant sat there, he pleaded with the boys to release him, since he didn't get [Taylor's] purse. The boys refused. Appellant then stated he thought Taylor had been someone he knew. This statement provoked one of the youths to kick appellant in disgust.
Upon the arrival of a Cleveland police patrol vehicle, appellant was arrested. After he was informed of his rights, appellant told the arresting officers his name was Ronnie Hambrick and that the nearby youths were drug boys who had chas[ed him] because [he] owed them money for crack. The officers soon thereafter conveyed appellant to a hospital for treatment of his eye injury; they later learned Ronnie Hambrick actually was appellant's brother.
The following day, a Cleveland police detective interviewed appellant in jail in connection with the incident. At that time, appellant told the detective he had been walking on Buckeye when he saw five dope boys on the corner. Appellant stated one of them asked him if he was straight, and when he replied, I don't do drugs, * * * You should be in school, they angrily began to chase him. Appellant acknowledged he did bump into the lady but denied attempting to take Taylor's purse.
Appellant was indicted on one count of aggravated robbery, R.C.2911.01(A)(3). He entered a plea of not guilty and was assigned counsel. Appellant's case proceeded to a jury trial. The state presented the testimony of Taylor, one of the arresting police officers, and the police detective. The state also introduced into evidence the medical records of Taylor and of appellant.
Appellant testified in his own behalf. He stated a co-worker had driven him to the restaurant, but he had remained in the vehicle while his co-worker went inside. Appellant testified some young men approached the car and then threatened him with a gun, so he exited the vehicle and ran, accidentally bumping into Taylor as he did so. He stated he continued his flight, but the youths discovered him and returned him to the scene because they had heard Taylor accuse him of an attempt to take her purse.
The jury subsequently found appellant not guilty of aggravated robbery but guilty of the lesser-included offense of robbery. The trial court immediately sentenced appellant to a term of incarceration of five years.
Appellant has filed a timely appeal of his conviction. The first of the five assignments of error he presents for review follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING THE STATE TO INTRODUCE EVIDENCE OF THE VICTIM'S PSYCHOLOGICAL CONDITION.
Appellant asserts the trial court improperly permitted Taylor to testify about the effects of the crime upon her state of mind. Appellant contends the introduction of this evidence tainted the jury's verdict. This court disagrees.
Appellant was charged with violation of R.C. 2911.01(A)(3), Aggravated Robbery, which states in pertinent part:
§ 2911.01 Aggravated Robbery.
 (A) No person, in attempting or committing a theft offense, as defined in section 2913.01
of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
* * *
 (3) Inflict, or attempt to inflict, serious physical harm on another.
Serious physical harm is defined in R.C. 2901.01 as follows:
 (5) Serious physical harm to persons means any of the following:
 (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 (b) Any physical harm that carries a substantial risk of death;
 (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.
(Emphasis added.)
Since serious physical harm is thus an essential element of the offense, the state was required to present evidence to establish that element. State v. Eley (1978), 56 Ohio St.2d 169; State v. McSwain (1992), 79 Ohio App.3d 600. Although Taylor's physical injuries from her encounter with appellant did not appear to be substantial, she testified she sought and received treatment for a mental condition by a doctor of either psychology or psychiatry as a result of the incident. The trial court's action in permitting this testimony, therefore, was not improper. State v. Eley, supra.
Consequently, appellant's first assignment of error is over-ruled.
Appellant's second assignment of error states:
 MISCONDUCT OF THE PROSECUTING ATTORNEY DEPRIVED THE APPELLANT OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL.
Appellant argues questions posed to him by the prosecutor during cross-examination amounted to reversible error. The record, however, does not support appellant's argument.
The exchange appellant challenges in this assignment of error follows:
 Q. Now, sir [you testified] you were working for Reilly Painting and Construction?
A. Um-hmm.
Q. And how long had you worked for them?
A. Well, I had worked for them seven months.
 Q. Okay. And you're making a good wage. You had a good job?
A. Yes, sir.
 Q. Okay. And I'm a little confused, because isn't your attorney appointed?
[DEFENSE COUNSEL]: Objection.
A. Um-hmm, yes he is —
 THE COURT: Let me see counsel at the sidebar for a minute.
 A. — and I'm very proud of him. (Thereupon, a sidebar discussion was had off the record.)
 THE COURT: That last question and response are stricken and the jury is instructed to disregard it. Please continue.
In the analysis of whether appellant was deprived of a fair trial, this court reviews the entire record to determine whether, absent the prosecutor's questions, the factfinder would have found the appellant guilty. State v. Maurer (1984), 15 Ohio St.3d 239, 267.
Two things are noteworthy concerning the exchange about which appellant now complains.
First, upon a review of the foregoing questions posed by the prosecutor in this case, the most that can be gleaned from them is the observation the prosecutor was testing appellant's credibility in a somewhat indiscreet manner. State v. Rodic (July 15, 1993), Cuyahoga App. No. 63138, unreported. The questions thus were not so egregious as to fall completely outside the realm of permissible cross-examination. State v. Pumpelly (1991), 77 Ohio St.3d 470; cf., State v. Henderson (Apr. 26, 1990), Cuyahoga App. No. 56828, unreported.
Second, the trial court immediately sustained appellant's objection to the inquiry and instructed the jury to disregard the questions. A jury is presumed to follow the trial court's instructions. Pang v. Minch (1990), 53 Ohio St.3d 186.
In any event, considering the totality of the evidence against appellant, it cannot be said appellant would not have been convicted had the prosecutor not posed the questions of which appellant complains. State v. Smith (1984), 14 Ohio St.3d 13; State v. Maurer, supra.
Appellant's second assignment of error, accordingly, also is overruled.
Appellant's third and fourth assignments of error state:
 III. THE TRIAL COURT ERRED IN GIVING THE JURY AN INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF ROBBERY.
 IV. THE TRIAL COURT ERRED IN GIVING A JURY INSTRUCTION ON FLIGHT.
Appellant argues the trial court's instructions to the jury on both the lesser-included offense of robbery[2] and evidence of his flight from the scene were unwarranted. Appellant's argument is unpersuasive.
An instruction on a lesser-included offense is appropriate where the trier of fact can find for the defendant and against the state on some element of the greater offense which is not required to prove the commission of the lesser included offense and for the state on the elements required to prove the commission of the lesser offense. State v. Solomon (1981), 66 Ohio St.2d 214, paragraph two of the syllabus. It is thus within the discretion afforded a trial court to instruct the jury on a lesser included offense.
Appellant in this case was charged with the offense of aggravated robbery, which included the element of causing or attempting to cause serious physical harm to the victim. As hereinbefore stated, Taylor's testimony concerning the extent of the injuries caused to her by appellant's actions was equivocal. Thus, the jury could have found, as it did, that the state proved appellant caused or attempted to cause physical harm but failed to prove the harm was serious. Under these circumstances, the trial court's instruction was proper. See, e.g., State v. Washington (July 31, 1997), Cuyahoga App. No. 71431, unreported; Cf., State v. Schoonover(Sept. 21, 1998), Adams App. No. 97 CA 647, unreported; State v. Diaz (Apr. 25, 1991), Cuyahoga App. No. 58664, unreported.
Appellant's challenge to the trial court's instruction on flight similarly is unsupportable. The Ohio Supreme Court previously has reviewed the language used by the trial court in this case regarding flight and has held it is proper. State v. Taylor (1997), 78 Ohio St.3d 15
at 27, citing State v. Wilson (1988), 47 Ohio App.3d 136, 140-141. See, also, State v. Gee (June 2, 1994), Cuyahoga App. Nos. 64410, 64411, unreported.
Accordingly, since the trial court did not err in instructing the jury, appellant's third and fourth assignments of error are overruled.
Appellant's fifth assignment of error states:
 THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant argues his conviction is not based upon the weight of the evidence. A review of the record renders his argument unpersuasive.
With regard to an appellate court's function in reviewing the weight of the evidence, the supreme court has set forth the following as the relevant analysis:
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a thirteenth juror and disagrees with the factfinder's resolution of the conflicting testimony.
 Tibbs [v. Florida (1982)], 457 U.S. [31], at 42, 102 S.Ct. [2211] at 2218, 72 L.E.2d [652] at 661. See, also, State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 (The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.).
State v. Thompkins (1997), 78 Ohio St.3d 380 at 387. (Emphasis added.)
Thus, this court must be mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
In this case, Taylor's testimony was supported by that of the arresting officer and bolstered by appellant's admissions that he had not only run toward her but had struck her.
Appellant's testimony, on the other hand, was uncorroborated. Moreover, since it differed from the previous two versions of events he had given, his testimony lacked credibility. Appellant had no explanations for the failure of his co-worker to reappear on the scene and his own failure to inform the police officers he had been threatened with a firearm.
A review of the evidence, therefore, does not demonstrate the jury lost its way in this case. State v. McSwain, supra; State v. Rittenhouse (Dec. 30, 1999), Fayette App. No. CA99-02-006, unreported; State v. Jones (Mar. 13, 1990), Franklin App. No. 89AP-424, unreported.
Accordingly, appellant's fifth assignment of error also is overruled.
Appellant's conviction and sentence are affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and ANN DYKE, J. CONCUR
[1] Quotes indicate testimony given by a witness at appellant's trial.
[2] R.C. 2911.02, Robbery, states in pertinent part:
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
* * *
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another.