**Charles WAMBSGANS, Sr. and Virginia Wambsgans, Appellants,**

v.

**James PRICE, Darlene Price, Fred Mahr, Knapp Real Estate Sales, Inc., Des Moines Savings & Loan Association, Inc., Gains Finance Company, Inc., and Iowa Securities Company, Appellees.**

No. 60147.

Supreme Court of Iowa.

Jan. 24, 1979.

Frank G. Wieslander, P. C., Altoona, for appellants.

Michael E. Runyon, Des Moines, for appellees.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McCORMICK and McGIVERIN, JJ.

LeGRAND, Justice.

This action was brought by Charles Wambsgans, Sr., and his wife, Virginia, on both breach of contract and tort theories of liability arising out of a listing agreement for the sale of real estate. The case was dismissed as to all the named defendants except Fred Mahr and Knapp Real Estate Sales, Inc., against whom the jury returned a verdict for $43,400.00. Plaintiffs appeal from a trial court order granting a new trial. We affirm.

Defendants' motion for new trial was sustained on two grounds: first, because of an error in Instruction 18 concerning allowance of damages for mental anguish, and secondly, because the verdict is not sustained by sufficient evidence and is "so excessive it appears to have been influenced by passion and prejudice." We do not reach the second ground because we hold defendants are entitled to a new trial on the first.

Before discussing our reasons for reaching this result, we believe a recitation of background facts will be helpful. We set these out as they might have been found by the jury, fully aware that there was evidentiary dispute as to many of them.

Plaintiffs owned the real estate since 1951. In 1959 or 1960, Charles suffered a serious illness which left him unable to carry on his usual occupation. After some rehabilitation, he borrowed money by placing a second mortgage on his home in order to secure funds to set himself up in the upholstery business, a project which apparently did not succeed.

In 1968, plaintiffs rented the house to their son, who lived there until 1971, when plaintiffs decided to sell the property. They listed it with Mahr, who represented Knapp Real Estate Sales, Inc., thus setting in motion the series of events which ultimately brought them here.

Almost from the start, Mahr seems to have been inattentive to this property. It was listed for $12,500.00. After two months he submitted an offer to purchase from James and Darlene Price for $12,000.00, which plaintiffs signed. Although they thought the property was to be sold in its "as is" condition, they soon discovered they would be compelled to spend $1,500.00 for repairs to comply with FHA financing requirements.

When plaintiffs demurred, Mahr told them they "had to do it" and threatened suit if they refused. Plaintiffs undertook some repairs themselves and hired workmen for others. After completing what they thought had been demanded, the results were still not acceptable.

Mahr then suggested the Prices move in. He said the deal was ready to close and plaintiffs would get their money in a few days. He got them to sign a deed "so he could complete the paper work." They also agreed that the Prices could occupy the premises without any agreement for rent pending transfer of title.

The matter dragged on with Mahr forever promising a quick conclusion. Both plaintiffs and the Prices tried unsuccessfully to get Mahr to act. After several months, the Prices soured on the deal and wanted out. It was never completed nor did plaintiffs receive any rent for the time the Prices lived there. In the meantime plaintiffs' financial condition deteriorated. They were unable to complete the necessary repairs. When they couldn't keep up the mortgage payments, the mortgagee started foreclosure proceedings. Only then did plaintiffs hire a lawyer. Eventually foreclosure was completed. Plaintiffs lost their home and were unable to redeem.

In the count based on tort, the petition alleges defendants' conduct during all this time was negligent and "was grossly committed with reckless indifference" to plaintiffs' rights. The petition asked damages for loss of plaintiffs' equity in the property, loss of rental value, and for "mental pain and anguish and loss of enjoyment of life."

The overriding importance of the mental pain and anguish claim is evident from the jury verdict. The instructions limited the jury to maximum awards of $1,625.00 for loss of rent, $1,490.00 for repairs, and $5,804.00 for loss of equity in the real estate.

The only other damage claimed was for mental pain and anguish. If we assume the jury allowed the *maximum* on each of the other items, the least it could have awarded for emotional distress was $34,081.00. If the award for the other items was less, that for mental anguish would be more.

The relevant portion of Instruction 18 is as follows:

"If you find that the plaintiffs are not entitled to recover for the alleged *negligence or fraud* of the defendant, Fred Mahr, you will make no allowance for damages for mental anguish. The law does not allow recovery for mental anguish in cases involving the breach of normal commercial contracts. If, however, you find that the plaintiffs are entitled to recover for the alleged negligence or alleged fraud of the defendant, Fred Mahr, the amount of the recovery allowed, if any, will include the additional measure.

(d) Such a sum as will fairly and reasonably compensate the plaintiffs for mental anguish as shown by the evidence, if any, from the date of the occurrence to the date of this trial.

"The damages, if any, you find for mental anguish in the past cannot be measured by any exact or mathematical standard, but the amount must rest in the sound discretion of the jury. Such discretion must not be exercised arbitrarily or out of passion or sympathy or prejudice for or against the parties, but must be based on fair, intelligent, dispassionate and impartial consideration of the evidence." (Emphasis added)

Defendants made the following objection to this instruction:

"[As to that portion of Instruction 18 dealing with damages for mental anguish, the defendants object] for the reason that the submission of damages based upon mental anguish or mental anxiety is not a proper measure of damages to be submitted to the jury in this matter, not a fair and true statement of the law and would allow the jury only to speculate and base any decision they might make in the finding of damages against these defendants purely on conjecture."

■ As a preliminary matter, we consider if defendants waived their right to have a new trial on this ground for failure to make proper objection to the instruction. We have consistently held objections to instructions must be specific enough to alert the trial court to the basis for complaint so that, if there is error, it may be corrected before the case goes to the jury. *See State v. Blyth*, 226 N.W.2d 250, 273 (Iowa 1975); *Dutcher v. Lewis*, 221 N.W.2d 755, 759 (Iowa 1974); *Pose v. Roosevelt Hotel Co.*, 208 N.W.2d 19, 25 (Iowa 1973).

Any doubt about the sufficiency of the objection is removed by the trial court's new trial order from which we quote:

"The court did err in instructing the jury in Instruction 18 as to mental anguish. As given by the Court, Instruction 18 permitted an allowance by the jury for the element of mental anguish if it found for the plaintiffs and against the defendant on the claim of the plaintiffs for either negligence or fraud. * * * *The Court denied plaintiffs' request to submit to the jury on the negligence count the question of whether or not defendants' conduct was willful or reckless and did not instruct the jury on the elements of proof necessary in a case for intentional infliction of emotional distress.* Because it is impossible to ascertain under Instruction 18 and the forms of verdict submitted whether the jury made the award returned in its verdict for negligence or fraud, and Instruction 18 was erroneous as heretofore set out, the defendants must be granted a new trial." (Emphasis added.)

Under this record, the trial court was justified in considering whether the alleged error in Instruction 18 required a new trial.

■ We move on, then, to review the merits of the objection. While we do not adhere to the impact rule which requires a physical injury in order to recover for emotional distress or mental anguish, we have never allowed such a recovery for negligence alone. Although the record is not entirely clear and although the pleadings might suggest otherwise, plaintiffs were really asserting a claim based on the tort of intentional infliction of mental distress. At least this is the theory upon which the claim for mental pain and anguish was submitted. For a discussion of this relatively new tort concept *see Gruenberg v. Aetna Insurance Co.*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973). We have recently considered such actions in *Meyer v. Nottger*, 241 N.W.2d 911, 918 (Iowa 1976) and *Amsden v. Grinnell Mutual Reinsurance Company*, 203 N.W.2d 252, 255 (Iowa 1972).

■ As defined in both *Nottger* and *Amsden*, the tort of intentional infliction of mental distress includes these elements:

(1) Outrageous conduct by the defendant.

(2) The defendant's intention of causing, or reckless disregard of the probability of causing, emotional distress.

(3) The plaintiff's suffering severe or extreme emotional distress.

(4) Actual and proximate causation of the emotional distress by the defendant's outrageous conduct.

Instruction 18 permitted the jury to assess damages on a finding of simple negligence unattended by any of the necessary factors above set out. Under the general rule that abstract statements of law are not enough and that instructions should present the issues fully and completely so the jury may properly decide the actual matters in controversy, this instruction must be held fatally deficient. The trial court should have delineated the circumstances under which recovery could be allowed for mental anguish. *Hagenson v. United Telephone Co. of Iowa*, 209 N.W.2d 76, 82–83 (Iowa 1973); *Gibbs v. Wilmeth*, 261 Iowa 1015, 1021–23, 157 N.W.2d 93 (1968).

We believe there was evidence to support such a verdict, but the instruction under which the jury considered the issue was wrong. The trial court recognized this in the order granting a new trial. We hold this was a proper exercise of trial court discretion.

Since there must be a re-trial of this case, it is desirable to mention one other matter, although it was not raised on this appeal. In instructing on damages, the trial court treated Mr. and Mrs. Wambsgans as a single plaintiff for fixing the damages for mental anguish. This was error. Mental anguish is suffered individually, not jointly, and differs greatly from person to person.

In the event of re-trial and in the event the question of such damages is submitted to the jury, the jury should be told to fix damages for mental anguish or emotional distress separately according to what each plaintiff is entitled to.

AFFIRMED.