**Hilda L. LaCOSTE, Executor of the Estate of Donald W. LaCoste, Deceased, Plaintiff-Appellant,**

v.

**FORD MOTOR COMPANY, Defendant-Appellee.**

No. 2–64983.

Court of Appeals of Iowa.

May 25, 1982.

Alfred A. Beardmore, Charles City, for plaintiff-appellant.

Don W. Burington and Richard R. Winga, Mason City, and Harry J. Pearce, Bismarck, N. D., for defendant-appellee.

PER CURIAM.

Plaintiff, personal representative of decedent, appeals from judgment for defendant. Ford Motor Company in products liability action. The action seeks to recover damages for the death of Donald LaCoste, plaintiff's decedent, who died on August 7, 1977, as a result of being pinned between a 1975 Ford pickup truck and a building on decedent's farm.

No witnesses observed the event which caused the death of plaintiff's decedent. In the personal representative's action it is alleged that the death was caused by the truck shifting from park position to reverse after plaintiff's decedent alighted from the truck with the engine running. It is further alleged that this circumstance resulted from a defect in the shifting lever or a failure to give warning of the vehicle's propensity to react in this manner. Recovery was sought on a theory of strict liability in tort. Evidence at trial indicated that as early as April of 1971 the defendant had become aware of a frequently recurring problem described as follows by defendant's engineering department:

> Present customer usage patterns indicate that this condition of careless shift lever actuation is occurring frequently in the field with actual high accident incidence. It is recommended that a forward design and development be directed toward a feasible alternative which positively positions shift lever in park or reverse, to prevent a false sense of security as to transmission position.

At least 42 problems of this nature had been reported to defendant prior to April of 1971.

The only issue on appeal which we consider because it is dispositive is plaintiff's challenge to the trial court's refusal to submit to the jury the issue of whether the pickup truck was defective as a result of the manufacturer's failure to warn of known dangers associated with its use. Initially on this issue we note our rejection of defendant's claim that error has not been preserved. When presented with a draft of the trial court's instructions and offered an opportunity to lodge objections thereto, counsel for the plaintiff stated:

> The instructions are not numbered, Your Honor, so—the plaintiff at this time objects to the instructions for the reason that there is no place in the instructions that the jury is told that suitable warn-

ings and instructions for use are part of the design and that failure to adequately instruct and warn of the dangers involved would be a defect.

At this point, the trial court's response on the record was as follows:

Very well. With respect to your first objection, it is not the court's understanding that a failure to warn is a part of a design failure and the court will not instruct as requested.

The record indicates that the matter was not permitted to rest here, however. Apparently as a result of citation of authority delivered to the trial court by plaintiff's counsel the court again brought this matter up before instructing the jury. At this time the court stated:

Now, lastly, with respect to the question of the plaintiff that the court instruct the jury that there are two possible defects involved. One, the design defect gear in the shift lever and second, the lack of adequate warning. The court feels there are certainly cases on the subject of inadequate warning constituting a defect under the strict liability doctrine and we can all imagine ones such a very small printed warning of highly poisonous substance in a bottle. It appears to the court that the plaintiff has now delivered to the court a proposed instruction and some authority on the subject which the court has not had time carefully to read. I would say to the parties at this time that I am not inclined to instruct on the second feature that is lack of warning for this reason.

Still later in the record, but prior to instructing the jury, the trial court stated:

There is alleged an improper design, a defect in this case and the court is going to submit that to the jury, but it seems to the court that the circumstances of this case at least are such that the anticipated use of this vehicle in shifting is not such that the court can say, that a warning should be given or that the jury should be permitted to determine whether a warning should be given.

I. In order to preserve error for trial court's failure to adequately instruct the jury it is only necessary to apprise the court of the basis of the complaint with sufficient specificity to permit correction of the error before the case goes to the jury. *Wambsgans v. Price*, 274 N.W.2d 362, 365 (Iowa 1979). From our examination of the foregoing extended comments of the trial court in the present case we are convinced that the court was made aware of the nature of plaintiff's objections to the instructions now being urged on appeal. It is equally clear that the trial court carefully considered the issue presented and unequivocally announced its ruling in a manner which rendered further articulation of plaintiff's objection futile. *See Wambsgans*, 274 N.W.2d at 365; *State v. Gilmore*, 259 N.W.2d 846, 852 (Iowa 1977).

II. We next consider whether in the present case the plaintiff was entitled to have the jury instructed that a product may be considered defective for purposes of strict liability in tort if it is unreasonably dangerous in normal usage absent a specific warning by the manufacturer as to the product's dangerous propensities. In considering this matter we note that issues involving failure to warn of product dangers are perhaps most commonly presented with respect to a theory of recovery based on negligence. In this regard, section 388(c), Restatement (Second) of Torts (1965) establishes a negligence standard of reasonable care to warn of known product dangers. But it is also recognized that in the application of the doctrine of strict liability in tort, as embraced by section 402A, Restatement (Second) of Torts (1965), a product, although faultlessly made, may nevertheless be deemed defective so as to subject the manufacturer to strict liability if it is unreasonably dangerous to place the product in the hands of a user without a suitable warning. *See e.g. Cooley v. Quick Supply Co.*, 221 N.W.2d 763, 768–69 (Iowa 1974).

The plaintiff contends that in the present case the jury should have been permitted to find liability under the doctrine of section 402A on the basis of failure to warn of known dangers in product use even if a

specific product defect was not otherwise identified. We agree with this assertion. At first blush it might appear that the jury could not find the defendant guilty of a failure to warn of a product's dangerous propensities without first finding that the product was defective—a circumstance which arguably removes any need to provide an alternative basis in the instructions for finding the product to be defective. But closer examination of the theory under which the present case was tried and defended suggests that this is not so. Substantial evidence was presented that it was only when the gear selector lever was mispositioned in a position near "park" that was not completely locked into "park" that the propensity for creeping into reverse manifested itself. Defendant's witnesses at trial strongly maintained that this was not a matter of defective design or manufacture but rather a misuse of the product.

■ We believe this presented a situation whereby the jury might have found no specific defect in the selector lever mechanism in the sense that it would not work properly, but also might have found that defendant was aware of an alarming propensity for misuse sufficient to render the product unreasonably dangerous in the absence of a proper warning. For this reason we must conclude that the trial court committed reversible error in failing to instruct the jury that a product may be found to be defective for purposes of the rule of liability embraced by section 402A if it is unreasonably dangerous to place the product in the hands of the user without a suitable warning.

In ordering a reversal and new trial we necessarily reject defendant's claims that (a) the issue of failure to warn was not adequately raised in plaintiff's pleadings, and (b) that the issue of failure to warn was adequately presented elsewhere in the trial court's instructions. As to the first contention paragraph seven of plaintiff's petition clearly alleges an alternative basis of defect based upon failure to warn. As to the second contention any reference to the plaintiff's allegations of failure to warn in the statement of issues presented in the jury instructions does not serve as a substitute for a correct instruction on the law which pertains to a failure to warn. Nor does the reference to failure to warn contained in trial court's Instruction No. 5 serve to permit the jury to find a product defect solely on the basis of an inadequate warning. In addition to the comments last made we believe any claim that the issue of warning was adequately submitted in the trial court's instructions runs counter to the trial court's own unequivocal statement on the record that such issues were not submitted to the jury.

For all of the reasons stated herein the case is reversed and remanded for a new trial.

REVERSED AND REMANDED.