Richard **GAUTHIER**, Plaintiff-Appellee,

v.

**AMF, INC.**, Defendant-Appellant.

No. 85–3750.

United States Court of Appeals,
Ninth Circuit.

Nov. 28, 1986.

R.P. Ryan, Ryan & McAllister, Billings, Mont., for plaintiff-appellee.

L. Randall Bishop, Crowley, Haughey, Hanson, Toole & Dietrich, Billings, Mont., for defendant-appellant.

Before WALLACE and SKOPIL, Circuit Judges, and HENDERSON,* District Judge.

The opinion filed April 29, 1986, published at 788 F.2d 634, is amended as follows:

At page 636, delete the second paragraph under Part B, and substitute the following:

> The record shows that the trial court admitted evidence of subsequent remedial changes by the entire industry, including AMF. For example, during cross-examination, AMF's design engineer, Donald Amis, was specifically asked about AMF's subsequent design changes concerning the method of operating the clutch and the use of deadman blade stops. In addition, plaintiff's expert, John Sevart, testified to subsequent remedial changes voluntarily made by the entire industry.

At page 638, insert before the second sentence of the second full paragraph the following:

> In addition, plaintiff's evidence of subsequent remedial measures by non-parties should have been excluded under Rule 403 as irrelevant. Gauthier brought into court a 1984 Toro snow thrower similar to the one designed by AMF, to compare the 1971 model at issue. He referred to the 1984 model and its safety devices in a way that was intended to inform the jury of subsequent remedial measures. For example, Gauthier asked his expert about the new machine and was told, "It is very similar in size and power [to the 1972 model] . . . but the controls on the machine that was in here in the courtroom this morning perform a different type of deadman function." Gauthier also referred to specific safety devices on the 1984 model in his Opening Statement.
>
> Such evidence was irrelevant. As the court in *Grenada Steel Industries v. Alabama Oxygen Co.*, 695 F.2d 883 (5th Cir.1983), explained,
>
>> We fail to see how an alternative design, developed by another person years after the product in question was manufactured, is relevant to whether the product was reasonably safe at the time it was made.
>
> *Grenada Steel*, 695 F.2d at 889.
>
> Consequently, the admission of such evidence in violation of Rule 403 was an abuse of discretion.

The second sentence of the second paragraph on page 638 should begin a new paragraph.

The panel as constituted above has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc, and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R.App.P. 35(b).

The petition for rehearing is denied, and the suggestion for rehearing en banc is rejected.

---

* Honorable Thelton E. Henderson, United States District Judge, Northern District of California, sitting by designation.