Bonnie Jean ELDRIDGE, Appellee,

v.

CASEY'S GENERAL STORES,
INC., Appellant.

No. 94–0146.

Court of Appeals of Iowa.

April 28, 1995.

Don N. Kersten and Angela J. Ostrander of Kersten & Carlson, Fort Dodge, for appellant.

Dan T. McGrevey, Fort Dodge, for appellee.

Considered by DONIELSON, C.J., and HAYDEN and SACKETT, JJ.

DONIELSON, Chief Judge.

The defendant, Casey's General Stores, Inc., appeals from an adverse evidentiary ruling and the denial of its motions for a mistrial and new trial. We affirm.

## I. Iowa Rule of Evidence 407.

Plaintiff, Bonnie Eldridge, fell on business premises operated by the defendant. She claims to have fallen because of a crack in the pavement. Shortly after the fall the defendant spray painted the pavement orange.

Two days after the fall, Eldridge's husband took pictures of the pavement. A ruler was positioned in the photos so the difference in elevation between sections of the pavement could be observed. The orange spray paint is visible in the photographs. The defendant argues the trial court erred in admitting the photographs into evidence. It asserts the photos show the scene of the accident had been changed and the photos were admitted in contravention of Iowa Rule of Evidence 407. That rule provides—

> When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered in connection with a claim based on strict liability in tort or breach of warranty or for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Iowa R.Evid. 407.

This rule incorporates the well-established principle that proof of a defendant's post-accident repair or improvement is ordinarily not admissible in negligence actions. Iowa R.Evid. 407 committee comment (1983). If the evidence can be used for a purpose other than to constitute an admission or inference of negligence, it is admissible with an instruc-

tion limiting its use. *Id.* The stated exceptions in rule 407 were not an issue.

■ A trial court is granted a broad range of discretion in determining the admissibility of evidence. *Bingham v. Marshall & Huschart Machinery*, 485 N.W.2d 78, 81 (Iowa 1992). We review for an abuse of discretion. *Id.* The record reveals the trial judge gave a great deal of consideration to the issue of admitting the photographs. He recognized the plaintiff had a right to admit a picture of the location where her fall occurred, but he also was aware evidence of subsequent remedial measures was not admissible for the purpose of establishing the defendant's negligence.

The trial judge admitted the photographs for the purpose of depicting the measurements of the cracks in the pavement. The judge directed the photographs were not to be used to draw attention to the defendant's use of spray paint to warn future customers of the cracked pavement. We find the trial judge's decision was a sensible compromise to balance the parties' competing interests, and there was no abuse of discretion in admission of the photographs.

■ In its brief the defendant argues no instruction was given to the jury regarding the limited use of the photographs. The defendant does not cite any reference to the record to indicate he requested such an instruction or made an objection to the instructions as given. Absent preservation of error on this issue, we decline to address it.

## II. MOTIONS FOR MISTRIAL AND NEW TRIAL.

■ Following testimony by the plaintiff's husband, the defendant moved for a mistrial and, later, a new trial. The plaintiff's husband had taken the photographs of the pavement where the plaintiff fell, and he testified about them. The defendant claims the husband's testimony was in violation of a court ruling on its motion in limine. At trial the husband was asked, "Do these pictures, specifically the 12 and 13, reflect the crack as it appears two days after the fall?" The husband responded, "It is the same crack only they had taken spray paint—."

■ In ruling upon a motion for a new trial, broad but not unlimited discretion is vested in the trial court. *Kiner v. Reliance Ins. Co.*, 463 N.W.2d 9, 13, (Iowa 1990). We will not find an abuse of discretion unless it is shown the trial court's discretion was exercised on grounds clearly untenable or to an extent clearly unreasonable. *Id.* We also allow trial courts broad discretion in determining whether to grant a mistrial. *McCracken v. Edward D. Jones & Co.*, 445 N.W.2d 375, 378 (Iowa App.1989). Such discretion is a recognition of the trial court's better position to appraise the situation in the context of the full trial. *Id.*

The defendant argues the reference by the plaintiff's witness to the spray paint constituted misconduct. We disagree. The trial judge recognized it would be unfair for the plaintiff to use the existence of the paint to indicate the defendant had taken subsequent remedial measures to warn future customers of the hazard. However, the court was also aware it would not be fair to the plaintiff for the jury to assume the spray paint was present and she should have seen it on the day she fell. To resolve this situation, the judge concluded the husband could be asked if the pictures fairly depicted the scene and the witness could respond, "Other than this orange being there, yes." Once again we find this was a sensible resolution to a difficult evidentiary situation. We find no abuse of discretion in the denial of the request for a mistrial or the denial of a new trial.

**AFFIRMED.**

CADY, J., takes no part.