118 N.J. Super. 338 (1972)
287 A.2d 470
ARLENE JOYCE FAUL AS GUARDIAN AD LITEM OF CHARLES D. HANSON, AN INFANT, PLAINTIFF,
v.
WILLIE DENNIS ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 28, 1972.
*339 Mr. Kalman H. Geist for plaintiff Arlene Joyce Faul, as guardian ad litem of Charles D. Hanson, an infant (Mr. Morris Novick, attorney).
Mr. Edward P. Shea for defendant Charleen Hanson (Mr. Henry O. Habick, attorney; Robert J. Casulli).
Mr. Thomas J. Osborne, Jr., for defendants Willie Dennis and Theodore Zubatkin (Messrs. Vaccaro & Osborne, attorneys).
DALTON, J.S.C.
This motion presents the dual questions of whether the doctrine of parental immunity is applicable *340 to automobile cases occurring prior to the abrogation of the doctrine in France v. A.P.A. Transport Corp., 56 N.J. 500 (1970), and, if so, whether defendant is precluded from asserting the immunity for the first time at trial.
The motor vehicle accident out of which this negligence action arises occurred on June 6, 1970 in Carlstadt, New Jersey. Infant plaintiff Charles Hanson was a passenger in an automobile owned and operated by his mother, defendant Charleen Hanson, which vehicle was struck in the rear by a vehicle owned by defendant Theodore Zubatkin and operated by defendant Willie Dennis.
Suit was commenced on behalf of infant plaintiff on August 26, 1970, and an answer was filed on behalf of defendant mother on October 9, 1970. Crossclaims for contribution have been demanded by defendant Hanson against defendants Dennis and Zubatkin, and by defendants Dennis and Zubatkin against defendant Hanson.
A suit brought by other passengers in defendant Hanson's vehicle was consolidated with infant plaintiff's suit for trial, but is unrelated to this motion. At no time did defendant Hanson raise the issue of parental immunity until the time of the trial of liability, when a motion was made by counsel for a dismissal of the suit of infant plaintiff against his parent. Decision on the motion was reserved and the case was tried and submitted to a jury, which rendered a special verdict finding both defendants negligent in the operation of their respective vehicles.
Whether the abrogation of the doctrine of parental immunity is to be of prospective application only and not applicable to automobile accidents occurring prior to July 10, 1970, the date France, supra, was decided, has not been decided by an appellate court. However, in a case involving this issue, Judge Meanor thoroughly considered the problems emanating from a retrospective application and held that the new rights created by France are prospective only. Schwartz v. U.S. Rubber Corp., 112 N.J. Super. 595 (Cty. *341 Ct. 1971). Subsequent to Schwartz the Supreme Court gave prospective effect to Immer v. Risko, 56 N.J. 482 (1970), which abrogated the doctrine of interspousal immunity. Darrow v. Hanover Tp., 58 N.J. 410 (1971).
Although not specifically holding that France be applied prospectively, the court, obiter dicta, generally commented upon the reasons underlying the prospective application of major changes in immunity doctrines, pointing out that the potential for stale claims and the justifiable reliance upon immunity doctrines by defendants and their insurers requires prospectivity. Obviously, these considerations are just as applicable to the effect of the abrogation of parental immunity as to interspousal immunity. Indicative of the thrust of Darrow is that, in support of prospectivity, the court cited decisions of courts in other jurisdictions involving the abrogation of both parental and interspousal immunity. Darrow, at 419.
In view of the hazards of a retrospective application of France, discussed in these cases, and the clear approach to the issue by the court in Darrow, this court concludes that the doctrine of parental immunity applies to the case at bar.
Having decided that parental immunity is applicable to the operative facts of the case at bar, it must be determined if defendant Hanson may now avail herself of the rule. Plaintiff argues that under the rules of pleading the failure to introduce the issue until the time of trial constitutes a waiver of the defense, stressing that nowhere in the answer is the issue raised, even though crossclaims for contribution were served upon the defendant.
Plaintiff's counsel accurately asserts that R. 4:5-4 mandates that an affirmative defense be set forth in a responsive pleading, and that this requirement has only been relaxed when its enforcement would do grave injustice to public policy. Douglas v. Harris, 35 N.J. 270 (1961); Jackson v. Hankinson, 94 N.J. Super. 505 (App. Div. 1967), aff'd 51 N.J. 230 (1968). However, plaintiff's contentions that (1) parental immunity is an affirmative defense, (2) the instant *342 case is devoid of anything detrimental to public policy and consequently R. 4:5-4 must be implemented, and (3) since the immunity doctrine has been abrogated, public policy would be best served by allowing the action to continue, are without merit. As indicated above, there are significant policy reasons for giving prospective effect to the abrogation of the doctrine, which are equally as compelling to permit an untimely raising of the issue at trial, but the essential defect in plaintiff's argument is the assumption that parental immunity is an affirmative defense.
Although the comment to R: 4:5-4 describes parental immunity as a customary affirmative defense, Pressler, Annotation to New Jersey Court Rules 426 (1971), another reliable source does not include it as such. Schnitzer and Wildstein, N.J. Rules Service, A IV-156 to 158 (Supp. 1961). A case which is somewhat analogous to the issue and upon which plaintiff places much reliance is Jackson, supra, which held that the qualified immunity of a municipality is an affirmative defense. However, plaintiff has not attempted to compare the issue in the case at bar with the fact that the Appellate Division stated that the underlying objective of the requirement to affirmatively plead municipal immunity is to avoid surprise. Jackson, 94 N.J. Super. at 514. Furthermore, there is a significant difference between municipal immunity, which demands an inquiry into the facts to ascertain the nature of the municipal activity, and the conspicuousness of parental immunity. An affirmative defense generally involves the introduction of new matter which is not shown by the plaintiff's own proof or pleading. 71 C.J.S. Pleading § 163 (1951); Black's Law Dictionary (4th ed. 1968), 82. Commentary on the source rule of R. 4:5-4 states, "The only characteristic common to the enumerated affirmative defenses is that the omission to plead them specifically might occasion surprise." Schnitzer and Wildstein, supra, at A IV-154.
Clearly, surprise is fundamental to the requirement to plead certain defenses affirmatively, and it is difficult to *343 imagine a situation where a party could claim surprise to the defense of parental immunity. Infant plaintiff has made no such claim. This court is of the opinion that parental immunity is not included among the kinds of defenses or avoidances which must be pleaded affirmatively pursuant to R. 4:5-4.
Next, plaintiff argues that parental immunity cannot be raised at trial since it was not presented properly. Admittedly, R. 4:6-2 calls for the pleading of "Every defense, legal or equitable, in law or fact, to a claim for relief in any complaint * * *," with specified exceptions which may be raised by motion, and R. 4:6-3 requires that such motions be heard before trial. However, as desirable as precise conformity with the rules may be, failure to do so does not automatically establish a waiver of all defenses. As defendant's counsel points out, R. 4:6-7 expressly permits the raising at trial of a defense which goes to the sustainability of the action. Thus, the nature of the parental immunity doctrine must be considered to determine whether it is the type of defense which is waived if not raised in the pleadings or by motion, or if it is preservable until trial.
Substantial support exists for the view that the parental immunity doctrine constitutes a bar to bringing to fruition an otherwise viable cause of action, rather than being an absence of a cause of action. 19 A.L.R.2d 423, 426 (1951). However, there is no need for an extensive analysis of the question since the language of the former Court of Errors and Appeals in the decision which adopted and sustained the parental immunity doctrine until its downfall in France, supra, favors the approach that there is a lack of a cause of action. In Reingold v. Reingold, 115 N.J.L. 532, 534 (E. & A. 1935), while considering whether a child should have a cause of action against her parents for injuries sustained during her minority after reaching 21, the court held that the common law "gives no such right of action" and stated further that
*344 The right of action, if any, is determined as of the day of the accident. It either did or did not exist as of that day. And if not, the majority and emancipation of the child could not, and did not, create a non-existent cause of action. [at 537]
Obviously, the court found that parental immunity involved a lack of a cause of action rather than a mere bar to asserting a claim. The doctrine was binding on this court until France, which as discussed above, is prospective in effect. There is no logical basis to find that the nature of the immunity is something other than that established in Reingold merely because the doctrine has been abrogated.
It is the opinion of this court that the infant plaintiff lacked "a claim upon which relief can be granted," R. 4:6-2(e), and under R. 4:6-7 defendant Hanson is permitted to raise the issue for the first time at trial.
In regard to the crossclaims for contribution by defendants Dennis and Zubatkin, cases which have construed the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et seq., have held that contribution is derivative. Kennedy v. Camp, 14 N.J. 390 (1954) (interspousal immunity); Chosney v. Konkus, 64 N.J. Super 328 (Cty. Ct. 1960) (intra-family immunity). Therefore, since the infant plaintiff lacks a cause of action due to the immunity of the parent, no claim for contribution may be made against defendant Hanson by the other defendants who are liable for the infant's injuries.
Motion granted. The verdict against defendant parent in favor of infant plaintiff is set aside. Judgment notwithstanding the verdict is hereby entered in favor of defendant, Hanson. The crossclaim for contribution filed by co-defendants Dennis and Zubatkin against defendant Charleen Hanson is hereby dismissed.