**Martin ERICKSON d/b/a Martin's Welding, Inc., Appellee,**

*v.*

**WRIGHT WELDING SUPPLY, INC., and Cleveland Welding Supply, Inc., Defendants,**

**and**

**Airco, Inc., Appellant.**

**No. 91–42.**

Supreme Court of Iowa.

May 13, 1992.

Rehearing Denied June 18, 1992.

Don N. Kersten and Mark S. Brownlee of Kersten & Carlson, Fort Dodge, for appellant.

William H. Roemerman of Crawford, Sullivan, Read, Roemerman & Brady, Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

Our initial question in this complex products liability action is whether one of the defendants is entitled to protections provided by section 613.18 of the Iowa Code (1987). As to the plaintiff's strict liability claim, the trial court held the defendant was not entitled to the benefits of the statute because the case was filed before the effective date of the statute. We conclude the statute was applicable to the later-added defendant. Based on this conclusion, we must next determine if the defendant preserved this issue notwithstanding its failure to raise the statute as an affirmative defense in its responsive pleadings. Finding that the issue was preserved, we reverse and remand.

I. *Background.*

In 1986, the Iowa legislature approved "An act relating to liability," including provisions relating to products liability. 1986 Iowa Acts ch. 1211, § 32 now codified at Iowa Code § 613.18. The act is applicable to "all cases filed on or after July 1, 1986." 1986 Iowa Acts ch. 1211, § 47. The act provides immunity or limits liability of non-

manufacturers in suits based upon strict liability under certain circumstances.

On February 11, 1986, a fire and explosion destroyed Martin Erickson's welding shop in Auburn, Iowa. On May 14, 1986, Erickson filed a petition against Wright Welding Supply, Inc. (Wright) alleging it was at fault for the fire and explosion. On March 30, 1987, almost ten months after the effective date of the statute, Erickson filed an amended and substituted petition, adding Airco, Inc. (Airco) and Cleveland Welding Supply, Inc. (Cleveland), as defendants. The amended petition alleged a product liability claim based upon theories of strict liability, negligence and res ipsa loquitur against all defendants.

Throughout the trial process, Airco claimed that it was entitled to statutory protections of Iowa Code section 613.18. The court denied Airco's claim, ruling that the "case" had originally been filed prior to the effective date of the statute.

At the end of the trial a directed verdict was granted to Cleveland. The case was then submitted to the jury upon theories of strict liability and negligence as against Airco and Wright. The jury returned a verdict apportioning fault as follows: Airco fifty percent, Erickson thirty-five percent, and Wright fifteen percent. The special verdict forms did not indicate the theory or theories the jury relied upon in rendering its verdict. Judgment was entered upon the verdict.

Airco filed a combined motion for judgment notwithstanding the verdict (JNOV), motion for new trial, and motion to amend judgment entry. *See* Iowa R.Civ.P. 242, 243, 244. In support of its motion, Airco restated its position that since it was added as a party after the effective date of Iowa Code section 613.18, it was entitled to the protections provided by the statute. The court denied the motion. Airco appealed; Wright did not appeal and is not a party here.

Today, we also decide *Bingham v. Marshall & Huschart Machinery Co.*, 485 N.W.2d 78 (Iowa 1992), another products liability case involving Iowa Code section 613.18. We refer the reader to *Bingham* for general background discussion of section 613.18.

## II. *The "Relation Back" Doctrine.*

At trial, the district court did not believe section 613.18 was applicable because Erickson had filed suit against Wright before July 1, 1986, the effective date of the Act. The court concluded the "case" had been filed in May 1986 and implicitly found that the amendment adding Airco as a defendant related back to the original May 1986 filing.

The court looked to the plain meaning of the term "case." We find the term a general term for an action, cause, or suit. Black's Law Dictionary 195 (5th ed. 1979). We think that the case against Airco was not filed until after the effective date of the statute unless, under our procedural rules, the amendment relates back to the filing of the original suit against Wright.

Generally, when we are faced with "relation back" issues, the question is whether an amendment to a petition correcting the name of a defendant or substituting a defendant is effective with relation to a statute of limitations. *See, e.g., Grant v. Cedar Falls Oil Co.*, 480 N.W.2d 863 (Iowa 1992) (correcting name); *Jacobson v. Union Story Trust & Sav. Bank*, 338 N.W.2d 161 (Iowa 1983) (changing parties).

In deciding such cases, we interpret Iowa Rule of Civil Procedure 89, "Making and Construing Amendments," which provides in pertinent part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim was asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining

his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

When presented with such issues, we have consistently held that the amendments do not relate back to the date of the filing of the original petition if the new party has not received notice of the institution of the action "within the period provided by law for commencing the action against him." *See id.* Here, however, we are not dealing with a statute of limitations issue.

Airco has advanced two alternate theories in support of its contention that Erickson's amended filing does not relate back. Airco first argues Iowa Rule of Civil Procedure 89, allowing for relation back, is not applicable to cases not involving statute of limitations problems. Since this case does not involve a statute of limitations problem, the rule is not applicable and thus there is no provision for relation back.

Under its second theory, Airco impliedly agrees rule 89 may apply to cases involving issues other than the statute of limitations. However, the argument continues that under the specific *facts* of this case the rule is inapplicable. Airco argues that the rule itself and the interpretations that we, and other courts interpreting similar rules, have placed on the rule, limit its applicability to "changes" in parties; not to the "addition" of parties. Thus, since Airco was "added" as a party, the rule is inapplicable and once again there is no provision for relation back.

■ We are not persuaded by Airco's first argument. "While 'relation back' is generally applied only with reference to the statute of limitations, the concept may also find application in other contexts." 3 *Moore's Federal Practice* § 15.15[5] (2d ed. 1985) (and cases cited therein) [*Federal Practice*]; Moore, Vestal & Kurland, *Moore's Manual* § 9.09[9] (1977) (and cases cited therein) [*Manual*]. The case before us obviously presents another context in which the rule may be used.

■ We do, however, agree with Airco's second argument and conclude on the facts of this case that the amendment adding Airco does not relate back. Although it is apparent from our review of cases and treatises on Federal Rule of Civil Procedure 15(c) (formerly identical to Iowa rule 89) that there is split of authority whether an amendment adding a party relates back (*compare Manual* at § 9.09[9] ("It remains true that where the failure to name the proper defendant is not a misnomer or misdescription, adding the proper party as a defendant will not relate back to the original filing."); *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir.1973); *Graves v. General Ins. Corp.*, 412 F.2d 583, 585 (10th Cir.1969); *United States v. Western Casualty & Surety*, 359 F.2d 521, 523 (6th Cir. 1966); *United States v. Chapman Constr. Inc.*, 85 F.R.D. 255, 256 (W.D.Okla.1979); *Herm v. Stafford*, 455 F.Supp. 650, 654 (W.D.Ky.1978) *with Federal Practice* at § 15.15[4.–2] ("Although the rule refers to 'an amendment changing the party' it has properly been held to sanction relation back of amendments which add or drop parties, as well as those substituting new parties for those earlier joined.") (and cases cited therein); *Andujar v. Rogowski*, 113 F.R.D. 151, 155 n. 5 (S.D.N.Y.1986)), we think that under the facts presented today the better rule is that the addition of another defendant does not relate back to the original filing of the suit against the first defendant.

Accordingly, since Airco was added as another defendant the amended petition bringing it into the suit does not relate back. Airco is therefore entitled to assert the protection of Iowa Code section 613.18. Having reached this conclusion, we next determine if Airco was required to raise the statute as an affirmative defense.

### III. *Affirmative Defense.*

■ Airco did not plead an affirmative defense premised upon section 613.18. Erickson argues Airco cannot raise the statutory defense issue on appeal because it failed to raise it as an affirmative defense in its responsive pleadings. Airco urges

the issue was properly raised in its motions to dismiss, its challenges to the instructions, and in its posttrial motions.

We are guided in our analysis by the interrelationship between Iowa Rule of Civil Procedure 72: "[The answer] must state any additional facts deemed to show a defense."; Rule 101: "Any defense ... which admits the facts of the adverse pleading but seeks to avoid their legal effect, must be specially pleaded."; and Rule 104: "Every defense in law or fact to any pleading must be asserted in the pleading responsive thereto."

■ An affirmative defense is one which rests on facts not necessary to support the plaintiff's case. *Peoples Trust & Sav. Bank v. Baird*, 346 N.W.2d 1, 4 (Iowa 1984); *Baker v. Beal*, 225 N.W.2d 106 (Iowa 1975). Thus, any defense which would avoid liability although admitting the allegations of the petition is an affirmative defense. 1 B. Lindahl *Iowa Practice* § 13.39 (1991).

■ We do not believe the immunity from suit or limitation of liability provided by section 613.18 is an affirmative defense that must be raised in the pleadings and proven by the defendant. The plaintiff has the burden of proving the elements of strict liability. Before the adoption of section 613.18, the plaintiff need only show the defendant was a seller. Since the adoption of the statute, a plaintiff must establish the seller is not in the newly defined class of sellers immune from suit or whose liability is precluded by the statute. The plaintiff must prove the elements of its case, including proof that the seller is not immune from suit or is subject to liability.

We thus conclude Iowa Code section 613.18 is not an affirmative defense and need not be raised in responsive pleadings. Although Airco is not required to raise the statutory issue in its pleading, it is appropriate that this issue be raised by motion or pleading at the early stages of the litigation process. Parties should utilize the most efficient method to promptly establish the true facts and then present the statutory issue for court determination.

IV. *Negligence Count.*

■ Erickson argues that even if Airco is entitled to the prospective defense of section 613.18, as to the strict liability claim, the judgment entered upon the jury verdict should be affirmed because there was sufficient evidence to support a finding that Airco was negligent. Unfortunately, the court did not submit separate instructions or interrogatories to the jury. The court instructed:

The Plaintiff must prove all of the following propositions with respect to Defendant Airco, Inc.:

1. Defendant Airco, Inc., was at fault, based on negligence and/or strict liability....

In answering this question, the jury responded to an interrogatory by answering the question "was Airco, Inc., at fault," "yes."

■ In civil cases, "when a trial court errs in submitting even one of several theories of recovery and the jury returns only a general verdict for the plaintiff the verdict cannot stand and the defendant is entitled to a new trial." *Gordon v. Noel*, 356 N.W.2d 559, 565 (Iowa 1984). *See also Nichols v. Westfield Indus., Ltd.*, 380 N.W.2d 392, 397 (Iowa 1985) (where the forms of verdict do not reveal the basis upon which the jury finds a defendant to be negligent, the submission of a specification which is without support in the record requires reversal).

Because we conclude that Airco was entitled to assert the protections of section 613.18, and also conclude the instruction submitted to the jury on strict liability was an incorrect statement of the law as to Airco's fault in strict liability, we must reverse and remand for a new trial on both the strict liability and negligence claims.

REVERSED AND REMANDED FOR NEW TRIAL.