# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3920

_____

Thomas Kmak

*Plaintiff - Appellant*

v.

American Century Companies, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 8, 2017
Filed: October 19, 2017

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

LOKEN, Circuit Judge.

In 2003 and 2005, Thomas Kmak exercised options to purchase restricted shares of American Century Companies, Inc. (American Century), common stock. At the time of purchase, he signed Stock Restriction Agreements (SRAs) providing, as relevant here, that American Century "will have the right to call any of the Shares for repurchase . . . at any time following the Purchaser's disability, death, or termination of, or retirement from, the Company's employment." Kmak terminated his employ

in September 2007. American Century called his shares for repurchase in December 2011, timing that denied him regular and special year-end dividends. Kmak filed this diversity action, alleging that American Century violated its implied covenant of good faith and fair dealing for two reasons: (i) because Kmak reasonably expected he would retain the stock as long as he did not work for a competitor, and (ii) because American Century "arbitrarily and vindictively exercis[ed] its discretion . . . for the purpose of retaliating for his . . . testimony" on behalf of JP Morgan Chase & Co. in arbitration proceedings to resolve a dispute between the two companies.

Initially, the district court dismissed Kmak's Second Amended Complaint for failure to state a claim. The court concluded (i) the SRAs allowed American Century to repurchase at any time, and "there can be no breach of the implied [covenant] where the contract expressly permits the actions being challenged," quoting Bishop v. Shelter Mut. Ins. Co., 129 S.W.3d 500, 505 (Mo. App. 2004); (ii) under Missouri law, if the second party receives his expected contractual benefits, "the implied covenant does not bar the first party from exercising its discretionary rights out of ill will, spite, or the like"; and (iii) repurchase did not deprive Kmak of benefits he reasonably expected at the time the SRAs were signed because "they do not concern testimony in an arbitration arising years later" and indefinite annual dividends were not promised. Kmak v. Amer. Century Cos., Inc., 2013 WL 12075740, at *2-4 (W.D. Mo. Feb. 6, 2013). On appeal, we reversed in part and remanded. Kmak v. Amer. Century Cos., Inc, 754 F.3d 513, 518 (8th Cir. 2014) ("Kmak I"). Unlike the district court, we interpreted the Missouri Court of Appeals decision in Bishop as deciding that conduct that violates public policy breaches the implied covenant of good faith and fair dealing. Therefore:

> To the extent the district court dismissed Kmak's Complaint for merely alleging American Century acted arbitrarily, vindictively, or contrary to Kmak's reasonable expectations about matters other than public policy, such dismissal was proper. Cf. Bishop, 129 S.W.3d at 506-07 (stating the implied covenant does not apply to allegations in the at-will

-2-

employment context when an employer allegedly terminates a contract in bad faith or because of ill will).  But, to the extent Kmak has alleged retaliation in violation of public policy, he has sufficiently alleged a breach of the implied covenant at this stage, and, thus, the district court erred in dismissing Kmak's Complaint.

On remand, extensive discovery proceeded under a Scheduling and Trial Order setting deadlines of December 1, 2014, for motions to amend pleadings and July 20, 2015, for pretrial discovery.  On July 3, 2015, seven months after the former deadline, Kmak moved for leave to file a Third Amended Complaint asserting new claims for breach of contract, fraud, and negligent misrepresentation.  In lengthy separate Opinions and Orders issued in November 2015, the district court[1] denied the motion for leave to amend and granted summary judgment dismissing Kmak's sole claim remaining on remand -- that American Century breached the implied covenant of good faith and fair dealing by taking discretionary action to retaliate in violation of public policy.  Kmak appeals both orders.  We affirm.

## I. The Grant of Summary Judgment.

Because our decision turns on an intervening decision of the Supreme Court of Missouri and does not require detailed review of the factual record, we refer the reader to our prior opinion for a brief summary of the events that led to this litigation.  Kmak I, 754 F.3d at 515-16.  On remand, after the parties developed the facts in extensive detail, American Century moved for summary judgment on Kmak's public policy retaliation claim.  In analyzing the summary judgment record, the district court continued our "useful" analogy to employment discrimination cases.  See id. at 518.  First, the court assumed that Kmak established a prima facie case of public policy retaliation "based on the temporal proximity between the call of his stock and the

_____

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

-3-

arbitration award and payment." Second, the court concluded that American Century established non-retaliatory reasons for delaying its call to repurchase until after JP Morgan paid the substantial arbitration award -- first because of unusual economic conditions, and then because American Century "did not want calling [Kmak's] stock to become an issue in the dispute with JP Morgan." Third, the court concluded that Kmak failed to present evidence suggesting that American Century's explanation was a pretext for public policy retaliation.

On appeal, Kmak argues that he set forth "substantial evidence from which a reasonable jury could infer that [American Century] called Kmak's shares in retaliation for his testimony." However, following oral argument, the Supreme Court of Missouri issued its decision in Bishop & Assocs., LLC, v. Ameren Corp., 520 S.W.3d 463 (Mo. banc. 2017). In Kmak I, we cited the Missouri Court of Appeals decision in an earlier Bishop case for the proposition that "a plaintiff properly pleads a breach of the implied covenant of good faith and fair dealing when he alleges the defendant's action violated public policy or a statute." 754 F.3d at 517.

In Ameren, the Supreme Court of Missouri ruled that we "rel[ied] on an erroneous interpretation of the [Missouri] court of appeals' holding in Bishop." 520 S.W.3d at 472 n.3. Reaffirming that there can be no breach of the implied covenant "where the contract expressly permits the actions being challenged," the Court rejected the contention "that a cause of action for breach of the implied covenant . . . exists when the defendant alleges a violation of public policy." Id. at 471 (quotation omitted). Returning the breach-of-covenant cause of action to well-established Missouri precedents, the Court explained that "a plaintiff must establish that the defendant 'exercised a judgment conferred by the express terms of the agreement in such a manner as to evade the spirit of the transaction or so as to deny [the plaintiff] the expected benefit of the contract.' Mo. Consol. Health Care Plan v. Cmty. Health Plan, 81 S.W.3d 34, 46 (Mo. App. 2002)." Id. at 472 n.3.

The Supreme Court of Missouri's decision in Ameren limits Kmak's claim for breach of American Century's implied covenant of good faith and fair dealing to the "reasonable expectation" ground that was dismissed with prejudice in Kmak I. Accordingly, the district court's grant of summary judgment dismissing the only claim asserted in the Second Amended Complaint must be affirmed.

## II. Denial of the Motion To Amend.

Seven months after the Scheduling Order's deadline to amend any pleadings, and nearly three years after initiating the lawsuit, Kmak sought leave to file a Third Amended Complaint asserting new causes of action. Two were claims that the call provisions American Century inserted in the SRAs Kmak signed in 2003 and 2005 were a breach of the 1998-2000 stock option agreements which granted Kmak the stock options he was exercising. The new fraud and negligent misrepresentation claims alleged breach of American Century's duty to disclose its decision to repurchase Kmak's shares after the arbitration when that decision was made in 2009. Kmak alleged that he did not discover the breach of contract claims until American Century's tardy production of the contract documents after the deadline to amend, and that he did not know when American Century made the decision to repurchase his shares until deposition testimony in June 2015 that contradicted American Century's September 2014 interrogatory answers.

The district court denied the motion in a lengthy opinion, carefully explaining (i) the tendered Third Amended Complaint "would greatly expand the scope of this case, extending it to transactions that have not been at issue previously and raising claims that have not been previously advanced"; (ii) Kmak was not diligent in asserting the two breach of contract claims, and both were futile; and (iii) whether Kmak was diligent in asserting the fraud and misrepresentation claims was a "close question," but in any event those claims were futile. On appeal, Kmak argues the district court abused its discretion because he had good cause to amend the complaint

-5-

based on newly discovered facts, the new claims are not futile, and American Century would not suffer prejudice.

"[A] motion for leave to amend filed outside the district court's Rule 16(b) scheduling order requires a showing of good cause." Williams v. TESCO Servs., Inc., 719 F.3d 968, 977 (8th Cir. 2013); see Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence." Harris v. FedEx Nat'l LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014) (quotation omitted). "We generally will not consider prejudice [to the nonmovant] if the movant has not been diligent in meeting the scheduling order's deadlines." Hartis v. Chi. Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012) (quotation omitted). We review the district court's denial of the motion to amend for abuse of discretion, but we review *de novo* whether the proposed amendments would have been futile. United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 555 (8th Cir.), cert. denied, 549 U.S. 881 (2006).

Here, the district court's conclusion that Kmak was not diligent is well-supported by the record, and in our view it applies to all the new claims asserted in the proposed Third Amended Complaint. The new claims were legal variations on a theme the parties had been litigating for years. In the Second Amended Complaint, Kmak alleged that American Century's exercise of discretion to repurchase granted in the SRAs was in fact a breach of American Century's contractual duty of good faith and fair representation. The Third Amended Complaint alleged that the same contractual discretion to repurchase also breached earlier contracts that had granted Kmak options to purchase the shares now being repurchased. It further alleged that the timing and manner of American Century's decision to repurchase -- previously cited as evidence of bad faith and unfair representation -- were also a basis to claim fraud and negligent misrepresentation.

Kmak's attorneys strive mightily to explain how last minute discovery first gave them a hint that these new claims existed. The district court explained at length

why it concluded that these excuses were unpersuasive and did not establish the diligence and good cause needed to extend this litigation indefinitely on the eve of the court's decision to grant summary judgment. We agree. As the Seventh Circuit explained in affirming on this basis as an alternative ground, "granting [Kmak's] motion for leave to amend clearly would result in undue delay, as well as prejudice to [American Century], forcing [it] to re-litigate the dispute on new bases . . . and to incur new rounds of additional and costly discovery, and depriving it of the meaningful value of obtaining summary judgment." Sanders v. Venture Stores, Inc., 56 F.3d 771, 774 (7th Cir. 1995). We conclude the district court did not abuse its discretion in determining that Kmak failed to show good cause to amend. Therefore, we need not address more complex futility issues addressed by the district court and the alternative bases to affirm advanced by American Century on appeal.

The judgment of the district court is affirmed.

_____