# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-1626
_____

Nancy Ann Burke, individually and as Personal Representative for the estate of David K Burke; Russell David Burke; Jeffrey John Burke; Katherine Elizabeth Burke; Victoria Jane Burke,

*Plaintiffs - Appellants*,

v.

Lippert Components, Inc.; LCI Industries,

*Defendants - Appellees*,

Enerpac Tool Group Corp.; Engineered Solutions, L.P.,

*Third Party Defendants - Appellees*.
_____

Appeal from United States District Court
for the Northern District of Iowa - Central
_____

Submitted: February 13, 2024
Filed: August 13, 2024
_____

Before LOKEN, COLLOTON,[1] and KELLY, Circuit Judges.
_____

---

[1]Judge Colloton became chief judge of the circuit on March 11, 2024.  *See* 28 U.S.C. § 45(a)(1).

COLLOTON, Circuit Judge.

David Burke was fatally injured when he fell down retractable steps that were attached to his motorhome. David's estate, wife, and children brought product liability claims against two companies who had purchased the product brand after David and his wife bought the vehicle. Over a year into the litigation, the Burkes moved for leave to add the previous owners of the product brand as defendants and to amend the scheduling order. The district court[2] denied the motions and then granted summary judgment in favor of the original defendant companies. The Burkes appeal, and we affirm.

I.

David and Nancy Burke purchased a motorhome in May 2013. The motorhome came with Kwikee-brand retractable steps that the Burkes used to enter and exit the motorhome. On a trip in 2019, David fell while using the steps and died.

The Burkes allege that the steps partially collapsed when David stepped on them. They contend that the rivets connecting components of the steps were loose, improperly crimped, and prone to failing.

In June 2021, the Burkes sued Lippert Components, Inc., and its parent company, LCI Industries. The complaint alleged several claims under Iowa law: negligence, design defects, manufacturing defects, inadequate instructions and warnings, and post-sale inadequate instructions and warnings.

---

[2]The Honorable C.J. Williams, now Chief Judge, United States District Court for the Northern District of Iowa.

Lippert and LCI did not manufacture, distribute, or sell the stairs installed in the motorhome. In June 2014, after David and Nancy purchased the vehicle, Lippert purchased the Kwikee brand from Engineered Solutions, L.P., and its parent company, now known as Enerpac Tool Group Corporation. The purchase agreement contained a clause limiting Lippert's liabilities as a successor entity.

In January 2022, Lippert and LCI told the Burkes that Lippert purchased the Kwikee brand in June 2014, and that it was therefore "probably wise for Plaintiffs to bring Enerpac into" the case. The Burkes took no action, but in May 2022, the court granted Lippert's motion for leave to file a complaint against Engineered Solutions and Enerpac as third-party defendants for breach of contract and indemnity. In November 2022, Lippert and LCI moved for summary judgment on the claims brought by the Burkes.

In December 2022, the Burkes moved for leave to amend their complaint to add Engineered Solutions and Enerpac as defendants. They also moved to modify the scheduling order and to continue the trial date. The district court denied the motions on the ground that they were unreasonably delayed. The district court then granted summary judgment in favor of Lippert and LCI.

The Burkes appeal the district court's rulings on the motions. We review a grant of summary judgment *de novo*, viewing the record in the light most favorable to the plaintiffs. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). We review the orders denying the motions to amend and to continue the trial for abuse of discretion. *Kmak v. Am. Century Cos.*, 873 F.3d 1030, 1034 (8th Cir. 2017); *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014).

II.

Under Iowa law, "a corporation that purchases the assets of another corporation assumes no liability for the transferring corporation's debts and liabilities." *Pancratz v. Monsanto Co.*, 547 N.W.2d 198, 200 (Iowa 1996). The Burkes purchased the motorhome with the Kwikee steps before Lippert and LCI purchased the Kwikee brand. On that basis, Lippert and LCI invoked the general rule against successor liability, and the district court agreed.

On appeal, the Burkes first argue that Lippert and LCI waived their argument against successor liability because this assertion is an affirmative defense that must be pleaded in response to a complaint. *See* Fed. R. Civ. P. 8(c). The Supreme Court of Iowa has not decided whether an argument against successor liability is an affirmative defense, *Arthur Elevator Co. v. Grove*, 236 N.W.2d 383, 390-91 (Iowa 1975), and no decision of this court addresses the question as a matter of federal law. Our cases may be inconsistent on whether federal or state law governs the determination of whether a position should be characterized as an affirmative defense, *compare Sayre v. Musicland Grp., Inc.*, 850 F.2d 350, 352-53 (8th Cir. 1988), *with First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 621-22 (8th Cir. 2007), but we conclude that the answer is the same here under either body of law.

Under Iowa law, an "affirmative defense is one which rests on facts not necessary to support the plaintiff's case." *Erickson v. Wright Welding Supply, Inc.*, 485 N.W.2d 82, 86 (Iowa 1992). Any "defense which would avoid liability although admitting the allegations of the petition is an affirmative defense." *Id.* Similarly, under federal law, when "the defense involved is one that merely negates an element of the plaintiff's prima facie case . . . it is not truly an affirmative defense and need not be pleaded despite rule 8(c)." *First Union Nat'l Bank*, 477 F.3d at 622 (internal quotation omitted).

Under these standards, Lippert and LCI were not required to plead an affirmative defense. One element of the product liability claims at issue in this case is that the defendant sold or distributed the product. *See* Restatement (Third) of Torts: Products Liability § 1 (Am. L. Inst. 1998); *Wright v. Brooke Grp. Ltd.*, 652 N.W.2d 159, 169 (Iowa 2002). Lippert and LCI defend the case on the ground that they did *not* sell or distribute the product; they are successors to someone else who sold and distributed it. Their defense thus does not admit the allegations of the complaint, but rather negates an essential element, so it is not truly an affirmative defense. This conclusion is consistent with the prevailing view that a plaintiff bears the burden to establish successor liability by showing an exception to the general rule against it. *See, e.g.*, *Campbell v. Davol, Inc.*, 620 F.3d 887, 891-92 (8th Cir. 2010); Restatement (Third) of Torts: Products Liability §§ 12-13 (Am. L. Inst. 1998). By contrast, a defendant typically bears the burden of proving an affirmative defense. *See Breese v. City of Burlington*, 945 N.W.2d 12, 23 (Iowa 2020).

The Burkes argue alternatively that Lippert and LCI expressly assumed liability as successor entities to Engineered Solutions and Enerpac. *See Pancratz*, 547 N.W.2d at 200-01. They cite a provision in the purchase agreement that "the first Two Hundred Fifty Thousand Dollars ($250,000) of Losses arising out of [product liability] litigation or claims shall be the obligation of" Lippert. This clause, however, serves as an indemnity agreement for the first $250,000 of liability assessed against Engineered Solutions and Enerpac, not as an assumption of liability by Lippert. The agreement elsewhere specifically excludes the assumption of "liability arising out of any product liability claim commenced after the Closing and arising out of any incident that occurred on or after the Closing Date in connection with the use of products manufactured or sold by [Engineered Solutions] prior to the Closing Date."

The Burkes next contend that Lippert and LCI are liable in their own right for a failure to give adequate warnings after their purchase of the Kwikee brand. The

district court dismissed this claim on the ground that the Burkes failed to present expert testimony to prove the claim. Under Iowa law, whether "expert testimony is required ultimately depends on whether it is a fact issue upon which the jury needs assistance to reach an intelligent or correct decision." *Reed v. Chrysler Corp.*, 494 N.W.2d 224, 226 (Iowa 1992) (internal quotation omitted).

We agree with the district court that a jury would need assistance from an expert to reach an intelligent decision on this claim about allegedly inadequate warnings. Why rivets crimp and fail is not a matter of common sense and experience for an average juror; they are matters requiring technical knowledge. Nor is it reasonable to expect a jury to determine without assistance whether the "foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings." Restatement (Third) of Torts: Products Liability § 2 (Am. L. Inst. 1998). The Burkes argue that Lippert and LCI were aware of customer complaints about the rivets, such that a reasonable jury could infer that the companies were obliged to provide warnings. Assuming without deciding that the evidence of complaints is in the record, expert testimony was still necessary to assist the jury in determining whether additional reasonable warnings could have reduced or avoided any foreseeable risk of harm.

Finally, the Burkes assert that the district court erred in denying their motions for leave to amend the complaint after the deadline and to amend the scheduling order. They were required to show good cause for the requested relief. Fed. R. Civ. P. 16(b)(4); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715-16 (8th Cir. 2008). The district court did not abuse its discretion in concluding that the plaintiffs were not diligent. The defendants gave notice to the plaintiffs in January 2022 that it was probably wise to bring the predecessor entities into the case, but the plaintiffs did not seek to do so until December 2022. If they had acted diligently, the plaintiffs could have obtained a copy of the purchase agreement as needed, and timely added Engineered Solutions and Enerpac as defendants. Their failure to do so justifies the

district court's ruling that there was no good cause to amend the schedule or allow an untimely amendment of the complaint. *See Harris*, 760 F.3d at 786.

The judgment of the district court is affirmed.

_____